## PYNE v. THE C., B. & Q. R. Co.

1. **Railroads:** NEGLIGENCE: CO-EMPLOYES. The plaintiff alleged that he was employed by defendant, a railroad company, as a private detective, and that while walking upon the track of defendant's road in the performance of his duties as such employe, and in obedience to the orders of his principal, he was injured, without negligence on his part, through the negligence of the engineer of a passing train: *Held,* on demurrer, that the facts alleged were sufficient to bring the plaintiff within the provisions of section 1307 of the Code, and entitle him to maintain an action for injuries received through the negligence of a co-employe.

*Appeal from Clarke District Court.*

TUESDAY, JUNE 22.

THE petition in this case contains two counts, or causes of action. In the first, the plaintiff demands $400 upon a contract of employment as a private detective. The second count is in these words:

"As a further cause of action, your petitioner represents that on or about the 20th day of July, 1878, while in the employ of said defendant, as such detective, and acting under the immediate direction and instruction of the defendant, by its said agent, J. S. Wood, he was directed to proceed to a certain point on the defendant's road to try to detect the guilty parties who were placing obstructions on the track of said road. That he was directed by the said J. S. Wood to walk along on the track of said road to a house by the road side about two miles west of Tyrone, in Monroe county, Iowa, and at said point to commence his detective search for said persons who had obstructed said track. That as he was walking along on said track, in obedience to his instructions, in the day time, and in the intense heat of the sun, he became insensible before he reached said house, from sun stroke or some other cause, and was thus prostrated upon the said track. That while in such insensible condition in the afternoon of said 20th day of July, 1878, the defendant negligently and carelessly run an engine, to which was attached a train of freight cars, upon and against your petitioner, and by such gross negligence of the defendant its engine and train aforesaid fractured. some of the bones of his head and face, and broke and crushed a portion of the skull bone, and otherwise greatly injured your petitioner. That he is entirely disabled by such injuries from the performance of any physical or mental labor, and as he is informed and verily believes his capacity for any kind of such labor is entirely and forever ruined. That he is — years old, good healthy constitution before the said injuries were received, and was capable of earning from five to eight hundred dollars per year, and of making a good support for his family. That said injuries were not the result of carelessness or negligence on his part, that he was in no manner guilty of any contributory negligence that led to the said result; but that it was wholly and entirely the result of the gross negligence of the defendant. That where the said accident occurred there was a very long, straight road-bed and

track of said road. That it occurred in clear day-light, and that the engineer of said train, with the exercise of ordinary caution, could have seen the plaintiff, and actually did see him long before the train reached him, and in much more time than was necessary to have stopped the train and prevented the happening of said accident, but that he carelessly neglected to do so.

The defendant demurred to the second count of the petition. The demurrer was sustained. Plaintiff appeals.

*H. W. Maxwell* and *A. R. Smalley*, for appellant.

*Stuart Brothers*, for appellee.

ROTHROCK, J.—I. The plaintiff was a co-employe with the engineer by whose negligence it is alleged he was injured. 1. RAILROADS: negligence: co-employes. They were both engaged in the same general business under one employer or master, and at common law neither could recover of the employer for an injury occasioned by the negligence of the other. *Sullivan v. M. & M. R. Co.*, 11 Iowa, 421; *Peterson v. The Whitebreast Coal & Mining Co.*, 50 Id., 673. The fact that one was a detective and the other a train man, and that they were thus engaged in different branches of the common service, can make no difference in the rights of the parties. For a full discussion of this question see the first case above cited, and the authorities there referred to.

II. Sec. 1307 of the Code is as follows: "Every corporation operating a railway shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employes of the corporation, and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers, or other employes, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be

employed, and no contract which restricts such liability shall be legal or binding."

The first act of the legislature making railroad companies liable for damages sustained by employes, in consequence of the negligence of co-employes, was enacted in 1862. Its provisions, so far as the question of liability and the character of the service of the employe are involved, were substantially the same as section 1307 of the Code. It has uniformly been held by this court that in order to maintain an action under these statutes it must appear that the duties of the employe were such as to expose him to the perils and hazards of the business of railroad companies. *Deppe v. Chicago., Rock Island & Pacific Railroad Co.*, 36 Iowa, 52; *Fransden v. The Same*, 36 Id., 372; *Schrœder v. The Same*, 41 Id., 344; *Potter v. The Same*, 46 Id., 399.

Tested by the rule of these cases, is the plaintiff, by the averments of his petition, accepting them as true, entitled to recover?

By an examination of the cases it will be seen that the statute is not construed to mean that actions can be maintained by train men only, or by men whose employment is such, as pertains to the running of trains. In the Deppe case it was held that an employe engaged in connection with a dirt train, and who was injured while loading a car, by the falling of an impending bank, could maintain an action by showing negligence. The court said: " It is true he was not injured while, or by, operating the train, but neither the act itself nor the constitutional limitation requires us to put this very narrow construction upon it. * * * . The ground we rest our affirmance upon is that when the employment is entire, and a part of the continuous services relates to the perilous business of railroading, it brings the case within the statute and its constitutional limit."

In the Fransden case it was held that a person employed as a section hand, whose duty it was with others to keep a certain part of the railroad in repair, and to go with them on

the track in a hand car for that purpose, was within the statute making railroad companies liable to their employes for injuries resulting from negligence of co-employes. That was an action for injuries received by reason of the neglignce of the section boss in failing to remove a hand car from the track, by reason of which plaintiff was injured by an approaching train.

In the case of Schrœder the plaintiff was engaged in removing an abandoned bridge, and it was averred in the answer that his employment was not in any way connected with operating the road, and that he received his injuries by voluntarily, and not in pursuance of any duty, going upon a car loaded with timbers from the bridge, some of which fell from the car and injured him. A demurrer to the answer was sustained. It was held that the demurrer should have been overruled. This court said: "The services of the persons claiming compensation under the provision (Code, § 1307), must be connected with the use and operation of the railroads. Corporations owning and operating railways may engage in other business, which may be within the scope of the objects of their organization, yet not at all, or very remotely, connected with the use of their roads. In such cases employes by whom such affairs are conducted acquire no rights under this statute. Their occupation does not expose them to the hazards incident to the use of railways."

In *Potter v. The C., R. I. & P. R. Co.*, the plaintiff was an employe in a machine shop, and was injured by a driving wheel of a locomotive engine falling upon him while the plaintiff and other employes were moving it by hand. It was held that the employment was in no way connected with the operation of the road; that plaintiff's duty as an employe did not expose him to the hazards incident to the operation of railways, and that he could not recover.

It will be observed that there is language in some of the cases which seems to imply that the statute embraces only those who are engaged in the actual operation of a railroad

in running the trains. But that the right of action is not thus limited is apparent. Trackmen, switch tenders and others whose duty requires them to be upon the track, are more or less exposed to the hazards of the business of railroading, and such employes when injured by the use or operation of the road, and by the negligence of co-employes, are as plainly within the provisions of the statutes as those whose duty requires them to assist in the running of trains. We think the proper test in determining the question is, does the duty of the employe require him to perform service which exposes him to hazard peculiar to the business of using and operating a railroad? If it does, and if while in the line of his duty he by the negligence of a co-employe receives an injury, from a passing train or from other appliances used in the use and operation of the road, he may recover.

It remains to be determined whether the plaintiff, by the averments of his petition, comes within these rules. He avers that he was acting under the immediate direction and instruction of the defendant, by its agent Wood; that he was directed to walk along on the track of the road to a house by the roadside; that as he was walking along on said track, in obedience to his instructions, he was from sunstroke or some other cause prostrated upon the track in an insensible condition; and that while in that condition he was injured by the engineer of a passing train negligently running the train upon him. These allegations must be accepted as true, however incredible they may appear. It is not for the defendant to say that the plaintiff's duty did not require him to walk upon the track, because it is averred that the defendant by its agent directed him to walk there. If this was an absurd or foolish order, or if it was attended with seemingly unnecessary danger, it was not in itself negligence in the plaintiff to obey the direction given to him. *Fransden v. C., R. I. & P. R. Co., supra.*

If a track walker, whose duty it is to patrol a track in the night, should be prostrated by apoplexy or the like, and the engineer of a passing train should negligently run upon and

injure him, there can be no doubt he would have a right of action. The case at bar presents the same state of facts, with the exception that probably a track walker could not properly perform his duty without walking between the rails. The plaintiff might have performed his duty as a detective without walking upon the track, but the averment is that the defendant required him to do so, and we must accept that averment as the truth, for the purposes of this appeal.

We think the demurrer should have been overruled.

REVERSED.