FARLEY v. THE C., R. I. & P. R. Co.

56 337
99 741

1. **Negligence**: RAILROADS: RUNNING OF TRAIN. Where a caboose and two cars, a half mile or more from the point where they became detached from the remainder of the train, ran over and killed the plaintiff's intestate, it was held that the conductor and brakeman, who were in the cupola of the caboose, were negligent in not sooner discovering the fact that they were detached, and in not being upon the tops of the cars where they could control their motions, and give warning of danger.

2. ——: ——: CONTRIBUTORY NEGLIGENCE. An employe of a railroad, whose duty required him to go a distance of about four hundred feet along the line of the track, and across the same, after waiting until a train had passed stepped upon the track behind it, walking in the same direction it was moving, and was run over and killed by cars which had become detached and were following the train: *Held*, that he was not guilty of contributory negligence. SEEVERS, J., *dissenting*, holds that whether or not the deceased was rightfully on the track in the performance of his duty was a question for the jury.

3. ——: ——. The verdict in an action to recover for the negligent killing of the plaintiff's intestate on the defendant's railroad held authorized by the evidence and instructions given. SEEVERS, J., *dissenting*.

*Appeal from Polk District Court.*

TUESDAY, JUNE 14.

THE plaintiff is the administrator of the estate of John Farley, deceased, his son, who, being in the employment of de-

fendant as a section hand, was killed by cars running over him while walking upon defendant's railroad track. This action is brought to recover for the injuries which resulted in his death. There was a verdict and judgment for plaintiff. Defendant appeals.

*Wright, Gatch & Wright*, for appellant.

*Nourse, Kauffman & Jackson* and *D. Donovan*, for appellee.

BECK, J.—I.   It is insisted by defendant's counsel, 1. That the testimony fails to show negligence on the part of defendant's employes operating the cars which caused

1. NEGLI-GENCE : railroads : running of trains.

the death of the intestate; 2. That the evidence shows want of care on the part of the deceased, which contributed to the injury. A motion for a new trial based upon these grounds was overruled.

The evidence before us establishes the following facts connected with the injury; The intestate was employed, as a section hand, with others, in repairing the track of defendant's road, at a point about one half mile east from the section house. About noon a freight train was due from the west. Between the point where the men were at work and the section house was a "cut", and a curve therein, which prevented the men seeing the approaching train from the west. The men were at work at the east end of the "cut." The foreman sent the intestate west to watch for the approach of the train. He went on the south side of the railroad upon the bank, which was five or six feet high, to await the coming train. This point was about 400 feet from the place at which he had left the other section hands. Upon discovering the train, or at a proper time thereafter, he signaled the men, who thereupon removed the hand-car to the north side of the track and took a position on the same side. Soon after the signal, and before the train had come up, he came down from the bank to the side of the track and stood there until the train passed him.

He then stepped upon the track, immediately after the last car had passed, and walked towards the other men and the hand-car. The train had separated nearly half a mile west of this point; two or three cars, probably two frieght cars and the caboose, were from 90 to 120 feet behind the other cars of the train, all running at the rate of fifteen or twenty miles per hour. The deceased went upon the track between these two sections of the train, and had walked, some of the witnesses say ran, but a short distance when the separated cars struck him and ran over him, causing instant death. There was no brakeman or other persons upon the top of either of the separated cars, the conductor and brakeman being in the cupola of the caboose, and no effort was made to check the speed of the separated cars until about the time they had struck deceased. No one upon the train saw him while he was walking upon the track. The grade was "down" in the direction the train was running. Upon the evidence, we think the jury were authorized to find that the employes of defen dant in charge of the train were negligent. While the conductor testifies that he did not discover the separation of the train until they were within 150 yards of the point where the intestate was killed, the brakeman with him in the cupola of the caboose states that he discovered the separation when the train was passing the section house, which is shown to be about one-half mile from the place where intestate was killed.

II. The jury, we think, were authorized to find that the conductor was negligent in not discovering the separation sooner, and the brakeman was negligent in not informing him of the separation as soon as it was discovered; that they were negligent in not being upon the tops of the cars, where they could have controlled their motion by use of the brakes, and signaled danger, if they discovered any one exposed thereto, and that had proper care been exercised in this respect the intestate would have been enabled to escape from the track.

III. Was the deceased wanting in care? It must be con-

ceded that he went upon the track without directing his eyes

**2. ——: ——:** to the detached cars. No one, ordinarily, can,
*contributory*
*negligence.* in the exercise of care, go upon a railroad track
without looking for approaching cars. But it would be un-
reasonable to hold that the law requires a person to look for
cars moving after a train, and within one hundred feet of it,
especially upon parts of the road where, as in this case, there
are no switches. When one has waited until the train goes
by he does not cast his eyes backward to see if another train
is following within one hundred feet. The deceased, it may
readily be understood, from his position on the bank did not ob-
serve the separation of the train. In this he was not negli-
gent, for it was not a part of his duty to notice the length or
other characteristics of the approaching train.

It may not have been readily observed from the position
in which he stood. He descended from the bank and then
waited until the last car, as he supposed, had passed. The
noise of the three cars following was drowned in the greater
noise of the train before him. In our opinion his act of walk-
ing upon the track was not in the absence of care. These
views, we think, are supported by the following cases: *Brown
v. N. Y. C. R. R. Co.*, 32 N. Y., 597; *Bucler v. M. & St. P.
R. Co.*, 28 Wis., 487; *McGovern v. N. Y. C. & H. R. R. R.
Co.*, 67 N. Y., 417; *French v. Talleston Branch R. R. Co.*,
116 Mass., 537.

The intestate, it will be remembered, was about 400 feet
from his comrades when he gave the signal. His duty re-
quired him to join them. To do so he must cross the rail-
road track, for they were north and he south of it. He was,
therefore, in the discharge of his duty in going upon the track.
We think it cannot be claimed that it was negligence for him
to attempt to return on the track. He did not go upon it as
a trespasser and without authority. The law will not charge
him with negligence because he did not attempt to cross the
track by a course at right angles with it. While it cannot
be denied that the deceased was authorized in the discharge

of his duty to cross the track, it is urged that, in attempting to do so by walking lengthwise along the track, or diagonally across it, he was negligent. The thought of the objection is that his duty required him to cross the track by a course at right angles with it. It may be admitted for the purpose of argument that had he crossed the track in this manner he would have escaped death.

It will be remembered that deceased was not negligent in not looking for the approaching cars; that he had a right to presume the train was run in the usual manner, and with the usual care upon the part of those operating it.

He was justified in believing that he incurred no danger by going upon the track, for the reason that he was authorized to presume there were no more cars and no other train following in dangerous proximity to the train that had just passed. Being authorized to act upon this presumption, he was not negligent unless the walking upon the track for more than 400 feet immediately following a train would expose him to danger from another train which might be following, if the trains were run with ordinary care and in usual proximity to one another. If he walked with usual speed it would require about one minute, certainly not more than a minute and a half, for him to pass over the 400 feet between the point at which he went upon the track and the point where his comrades were awaiting him. He could have relied upon the presumption that another train would not be following the passing train within ninety seconds, for railroad trains are not run in such reckless manner. Now relying upon this presumption, and being charged with the duty of returning to his comrades, it was not negligent for him to walk lengthwise along the track or cross it diagonally. It is more than can be expected of a man, in the exercise of the highest care, that, when no danger threatens, he will cross the track of a railroad in a course at right angles with it, when a direct line to the point to which he is walking crosses the track diagonally. Instinct would prompt him to cross on the direct line.

In the case before us the deceased was authorized to presume that he incurred no danger in crossing the track in the manner attempted by him; his duty required him to cross the track promptly. The law will not hold that he was guilty of negligence.

. This case is distinguished from *Murphy v. C., R. I. & P. R. Co.*, 38 Iowa, 539, and same case, 45 Iowa, 661, for the reason that the deceased in those cases was not upon the railroad in the discharge of duty and was not authorized to presume that he could walk upon the track without danger.

IV. The defendant asked the court to give certain instructions to the effect that the intestate was not rightfully upon the track, and that he was negligent in walking thereon. These instructions were refused, and the court, by instructions given, recognized the right of the intestate to go upon the track, if he exercised due care. The rule expressed by the decision upon the instructions, as applicable to the case, is surely correct. We have pointed out that the intestate was on the track in the discharge of his duty, and, therefore, rightfully there.

V. The court below in an instruction used this language: "No person has the right to assume, when about to go onto a railroad track, that a train is not coming, without looking for himself to see if one is not coming." It is insisted that under this instruction the deceased was guilty of negligence, as it is shown that he did not look, before going upon the track, in the direction from which the train was running; that the instruction holds that he was required to look for an approaching train. This instruction it is claimed is the law of the case, and the jury disregarded it in finding deceased was not guilty of negligence. We need not inquire whether the instruction it correct as a general rule. As we have seen, it is not applicable to the facts of the case. In our opinion, if it be regarded as the law of the case, the verdict is not in conflict therewith. The jury, of course, were to apply the instruction only in case they found facts to which it was

applicable. They found according to the testimony that the intestate was killed, not by a train of cars following the one which just passed him, but by two or three detached cars from the passing train. The instruction does not direct that he should look for detached cars. We cannot extend the instruction so that it will include a subject not expressed in its language, when such construction would result in reversing the judgment in the case. The instruction, therefore, cannot be construed to mean that the intestate was required to look for the detached cars of the train. The verdict of the jury is not, therefore, in conflict with the instruction.

VI. The counsel for the defendant asked an instruction to the effect that it is not negligence to run cars detached from locomotives, and that a person stepping upon the track before a car so run cannot recover. It was refused. But the negligence in this case was not the running of the cars after the separation—that may have been unavoidable—but the want of proper care in so running them, by following at a great speed near the preceding train without proper precautions against danger. The instruction is not applicable to the case.

VII. Other instructions related to the duty of defendant's employes in case they had seen the intestate standing by the side of the track. It is said they would have been authorized to suppose he would have kept off the track, and, therefore, would not have been required to give him signals of danger. But the case supposed in the instructions is not found in the record. It is not shown that the employes of defendant saw the intestate by the side of the track; in fact they did not see him there, and their negligence consisted in their being in a position where they could not see him when on the track, and where they could not warn him or check the train.

VIII. The court in a prolix instruction directed the jury to determine from the evidence certain enumerated facts, informing them that these facts should be considered in order

to reach a conclusion in the case. We confess that the instruction could have been well omitted. But we fail to discover that prejudice to defendant was wrought by it. It is not claimed by counsel that incorrect principles are announced in the instruction, or that facts were enumerated which ought not to have been considered. The instruction is not a ground for disturbing the judgment.

IX. An instruction given to the jury uses this language: "If you fail to find that the deceased was not guilty of negligence contributing to his death, your verdict will be for defendants." This instruction counsel for defendant complain of. We think, while it is not well expressed, it does not announce an erroneous rule. Another instruction informs the jury that, to entitle plaintiff to a verdict, they must find the intestate was without fault or negligence. The jury surely would understand the two instructions considered together to mean that, to authorize a verdict for plaintiff, they must find the intestate exercised care and was not guilty of negligence. And this is substantially the rule insisted upon by counsel for defendant in their argument.

The foregoing discussion, we believe, disposes of all questions presented in the argument of counsel. We think the judgment of the District Court ought to be affirmed.

AFFIRMED.

SEEVERS, J., *dissenting.*—I. The court instructed the jury as follows:

"VII. The defendant has the right to use its track for the passage of trains at all hours and times, and with such frequency as it desires, and it is the duty of all persons about to step on such track to conduct themselves with reference to such rights, and to exercise care and caution relative thereto. No person has a right to assume, when about to go onto a railroad track, that a train is not coming, without looking for himself to see whether one is coming. The track of a railroad is a place of danger and a place where the trains have the first, that is, the prior and paramount, right, and all per-

sons about to go onto it must go there knowing the danger, and the prior right of the trains, and conduct themselves with due care."

This instruction constituted the law of this case, whether correct or not, and it was the duty of the jury to have followed it. The undisputed facts are, and it is conceded in the foregoing opinion, the deceased stepped on the track without looking in the direction the detached cars were coming. If he had done so the undisputed fact is he could have seen the cars. If, therefore, the jury had followed the instruction their verdict must have been for the defendant.

The opinion holds the deceased was not bound to look, because he had the right to suppose all the train had just passed and there were none following so closely after the cars which had passed. It is evident the case was not tried in the court below on any such theory. It is immaterial that the detached cars formed only a portion of a train instead of a whole train, where the result must have been the same if the deceased had "*looked*" as the instruction requires he should have done.

II. The defendant asked the court to instruct the jury as follows: "If you believe from the evidence that the deceased, at the time of this accident, was walking length-ways on defendant's track, and that the point where he was walking was not a public highway, then to be lawfully there he must have been engaged in the performance of some duty to defendant, requiring him to be thus walking on said track." This instruction was refused. It should, I think, have been given. It was for the jury to say whether the deceased was lawfully on the track in the performance of some duty. If this be not so, it is strongly favorable to the plaintiff. But the opinion holds as a matter of law the deceased was lawfully on the track in the performance of some duty. This, in my judgment, is radically wrong. There are other views stated in the opinion in which I do not concur, but I do not care to extend this dissent, and therefore do not enter upon their discussion.