RAYBURN v. THE CENTRAL IOWA RAILWAY COMPANY.

| | |
|---|---|
| 74 | 637 |
| 78 | 125 |
| 74 | 637 |
| 79 | 675 |
| 74 | 637 |
| 88 | 413 |
| 88 | 606 |
| 74 | 637 |
| 90 | 358 |
| 74 | 687 |
| 92 | 540 |
| 74 | 687 |
| 93 | 431 |
| 74 | 687 |
| 97 | 387 |
| 97 | 412 |
| 98 | 551 |
| 99 | 12 |
| 101 | 88 |
| 74 | 637 |
| 103 | 30 |
| 74 | 637 |
| 105 | 590 |
| 74 | 687 |
| 122 | 454 |

1. **Railroads**: INJURY TO SECTION-HAND WHILE BOARDING MOVING CARS: NEGLIGENCE: QUESTION FOR JURY. Plaintiff and others were section-hands of defendant, engaged in removing snow and ice from the track. While so engaged, a train of cars loaded with slack came along, moving slowly, and the conductor and others in charge of the train directed them to get upon the train to unload the slack. They requested that the train be stopped, but were told that, if stopped, it could not be started again. In attempting to obey the order, plaintiff was thrown down by a jerk of the train and injured. *Held* that the question of negligence on the part of both plaintiff and defendant was one for the jury to determine from the evidence, of the weight of which they were the sole judges.

2. ———: ———: ———: MATTER OF LAW. In such case, *held* that if it would, under other circumstances, have been negligence for defendant to attempt to board the moving train, it was not negligence for him to do so when directed by the conductor and others having charge of the train. (Compare cases cited in opinion).

3. ———: ———: ACTION UNDER CODE, SECTION 1307: USE AND OPERATION OF RAILROAD. In such case, *held* that plaintiff was not precluded from bringing his action against the company under section 1307 of the Code, on the ground that the negligence complained of was in no manner connected with the use and operation of the railroad. (See cases cited in opinion).

4. ———: ———: ———: CONSTITUTIONALITY. Section 1307 of the Code, authorizing actions against railroad companies by employes for injuries caused by the negligence of co-employes, is not in conflict with the fourteenth amendment to the constitution of the United States. (*Bucklew v. Central Iowa Ry. Co.*, 64 Iowa, 603, *followed*).

5. ———: ———: EXCESSIVE VERDICT. A verdict of thirty-five hundred dollars cannot be said by this court to be excessive for an injury to the knee of a section-hand, who is also a mechanic, where the jury may well have found the injury to be permanent.

6. ———: ———: NEGLIGENCE IN CARE OF WOUND. Whether the continuance of plaintiff's disability was attributable to his subsequent want of care was a question for the jury, with whose finding this court sees no reason to interfere.

Rayburn v. The Central Iowa Ry. Co.

7.   **Appeal** : PRACTICE : COMPLAINT OF MISCONDUCT OF COUNSEL BELOW :
     RECORD.   Where an appellant intends to ask this court to reverse a
     cause on account of improper language used by counsel in argu-
     ment to the jury, correct practice requires that the court below
     shall certify the facts and language complained of, and the question
     cannot properly be raised in this court upon affidavits of counsel
     and others.

8.   ———— : COSTS OF AMENDED ABSTRACT.   Where appellant assigned
     sixty-four errors, but insisted on only five or six of them, appellee
     was warranted in making preparation against the whole sixty-four,
     and the costs of his amended abstract, reasonably prepared and
     filed for that purpose, were properly taxed to appellant upon an
     affirmance of the judgment.

9.   **Pleading and Evidence** : VARIANCE.   In an action against a
     railroad company for a personal injury alleged to have been caused
     by the negligence of the section boss in causing the speed of the
     train to be increased, the evidence showed that it was the conductor
     who ordered the increase of speed.   *Held* to be an immaterial vari-
     ance, under Code, section 2686.

10.  **Railroads** : INJURY TO SECTION-HAND : DAMAGES : ABILITY TO EARN
     MONEY.   In an action against a railroad company for a permanent
     injury to a section-hand, it was proper to allow him to show that he
     was a mechanic, and, as such, capable of earning more money than
     was paid him by defendant for his services.

11.  **Deposition** : MOTION TO SUPPRESS : EVIDENCE.   A motion to sup-
     press a deposition was based upon an affidavit of defendant's coun-
     sel, showing that a notice of taking the deposition, served on
     defendant, did not state the place of the residence of the officer to
     whom the commission was issued.   *Held* that this, without more,
     was insufficient.

*Appeal from Mahaska District Court.*—HON. J. K.
JOHNSON, Judge.

FILED, DECEMBER 19, 1887.

[SUPPLEMENTAL OPINION FILED, JUNE 8, 1888.]

ACTION to recover for personal injuries sustained by
plaintiff while attempting to go upon a car attached to
a train drawn by an engine on defendant's railroad.
There was a judgment upon a verdict for plaintiff.
Defendant appeals.

Rayburn v. The Central Iowa Ry. Co.

*Anthony C. Daly*, for appellant.

*Sampson & Brown* and *John F. Lacey*, for appellee.

BECK, J.—I. The evidence shows that plaintiff was employed as a section-hand upon defendant's railroad,

**1. RAILROADS: injury to section-hand while boarding moving cars: negligence: question for jury.** and, while engaged in removing snow and ice from the track, a train passed upon, the road, wherein were a number of cars loaded with slack to be drawn to another place. Plaintiff · and the men working with him were directed by the conductor and others upon and in charge of the train to get upon the cars and accompany them. It was the purpose to employ plaintiff and the other section-men in unloading the slack. The train was not stopped, and some of the section-hands requested those in charge of the train to stop it, but were informed that, if stopped, the train could not again be started. Thereupon plaintiff attempted to get upon one of the cars. By reason of a quick movement or "jerk" given to the train, and the snow upon the track, plaintiff was thrown down, and received a severe injury to one of his knees, which he claims is permanent.

II. Counsel for defendant insists that the conductor and others who ordered plaintiff to get upon the train were not negligent, for the reason that the train was moving so slowly that plaintiff could have· gone ·upon the cars in entire safety. He again insists that plaintiff was not bound to get on the train until it stopped, and, if it was negligent in the conductor to order plaintiff to get upon the car, it was negligent in plaintiff to attempt it, and he urges that defendant is not chargeable with negligence, and that plaintiff is chargeable with contributory negligence. The facts of the case do not authorize the conclusion that, as a matter of law, either plaintiff or defendant is guilty of negligence. The question of the care of each was for the jury to determine, not for the court; and it cannot

be truthfully said that there was a failure of evidence authorizing the jury to find negligence on the part of defendant and due care on the part of plaintiff. The evidence is discussed at considerable length by defendant's counsel, to support his position to the contrary. It would be profitless to occupy the time required to review the evidence on this point, which could only be done in many pages.

III. If, under other circumstances, it would have been negligence in the plaintiff to attempt to get on the car while it was in motion, it was not negligence for him to do so when required by the order of the conductor and others having charge of the train. *Fransden v. Chicago, R. I. & P. Ry. Co.*, 36 Iowa, 372; *Cooper v. Central Railroad of Iowa*, 44 Iowa, 134; *Pyne v. Chicago, B. & Q. Ry. Co.*, 54 Iowa, 223.

2. ———: ———: ———: matter of law.

IV. Counsel insists that plaintiff is not authorized to maintain this action for the negligence of his co-employes, under Code, section 1307, for the reason that such negligence was in no manner connected with the use and operation of the railroad. It must be remembered that plaintiff was required to go upon the train for the purpose of aiding in unloading the cars. The employment and duties of plaintiff were identical in character with those of plaintiffs in *Schroeder v. Chicago, R. I. & P. Ry. Co.*, 47 Iowa, 375; *McKnight v. Iowa & M. Ry. Const. Co.*, 43 Iowa, 46; and unlike those of plaintiffs in *Fransden v. Ry. Co.*, supra; *Pyne v. Ry. Co.*, supra; *Crowley v. Burlington, C. R. & N. Ry. Co.*, 65 Iowa, 658, and *Farley v. Chicago, R. I. & P. Ry. Co.*, 56 Iowa, 337. Following the doctrines of these cases, we hold that the plaintiff may maintain his action for injuries resulting from the negligence of an employe of the defendant engaged in operating the train upon its road.

3. ———: ———: action under Code, section 1307: use and operation of railroad.

V. Counsel insists that Code, section 1307, just cited, is in conflict with the fourteenth amendment to

Rayburn v. The Central Iowa Ry. Co.

4. ——: ——:
——: constitu-
tionality.

the constitution of the United States. This precise question was determined adversely to counsel's position in *Bucklew v. Cent. Iowa Ry. Co.*, 64 Iowa, 603. We have no ground for doubting the correctness of our decision in that case, which is brought to our attention in the argument of counsel.

VI. It is insisted that the verdict for thirty-five hundred dollars is excessive. The jury could well have

5. ——: ——;
excessive ver-
dict.

found that plaintiff's injuries are permanent. We cannot say that the sum he recovered is in excess of the amount of damages which will compensate him for his injuries.

VII. Counsel insists that the continuance of defendant's disability is attributable to his want of care

6. ——: ——: neg-
ligence in
care of wound

after he was injured; but this was a matter for the consideration of the jury, and the record of the evidence discloses no ground upon which we can interfere with their findings in this regard.

VIII. It is urged that the court below erred in not setting aside the verdict on account of the misconduct

7. APPEAL:
practice:
complaint of
misconduct
of counsel
below: record

of plaintiff's counsel in presenting, in their arguments to the jury, inflammatory appeals and considerations, which should not have been urged, to influence the finding of the verdict. The substance and language of that part of counsel's argument to which the objection is made are set out in affidavits of defendant's counsel at the trial, and of others. Counter-affidavits were filed by counsel on the other side. This contest of affidavits between members of the profession is unseemly, and ought not to be tolerated. The law provides for perpetuating of record such matters by bills of exceptions by which the court below can show the facts, thus avoiding the necessity of resorting to affidavits. In view of the fact that usually a short-hand writer is in attendance upon the trial courts, his aid can be secured to take down the

improper words of counsel; or the court, when objection is made thereto, can at the time reduce them to writing. In either case, they may be then or afterwards embodied in a bill of exceptions. This practice will involve no inconvenience, and will secure greater accuracy in preserving the objectionable words of counsel than can be attained by resorting to affidavits and counter-affidavits. We conclude that matters of this kind ought not to be made of record, and brought here, except upon bills of exceptions. We have heretofore reviewed objections based upon like conduct of counsel which were shown by affidavits, but no objections were made on the ground that the facts and language brought in question were not preserved and embodied in the records by bills of exceptions. We doubt not that, had the objections been made, we would have refused to review the question of misbehavior of counsel; but, at all events, we are now satisfied that correct practice requires that the court below shall certify the facts and language complained of as amounting to misbehavior on the part of counsel. In support of this conclusion, see *Smith v. Wilson*, 31 N. W. Rep. 176, decided by the supreme court of Minnesota.

IX. It is lastly insisted that plaintiff ought to be taxed with the costs of his additional abstract. We think differently. While defendant urges in argument no more than five or six of its assignments of error, they number sixty-four, and cover every point which ingenuity can suggest as being available for assault upon the judgment of the court below. Counsel of the plaintiff well prepared defenses at these numerous threatened approaches, for they knew not but attacks would be made at all. We think they were warranted in presenting the matter found in these additional abstracts in order to make their preparation complete against the threatening multiplicity of sixty-four assignments of error.

8. ——: costs of amended abstract.

We have considered all questions discussed by counsel, and reach the conclusion that the judgment of the district court ought to be          AFFIRMED.

Rayburn v. The Central Iowa Ry. Co.

OPINION ON REHEARING.

BECK, J.—A petition for rehearing calls our attention to certain matters discussed in the argument of defendant's counsel, which demand further attention.

I. Counsel in the petition insists that plaintiff did not establish his right to recover, for the reason that his amended petition alleges that the section boss caused the engineer to increase the speed of the train while plaintiff was attempting to get upon the car, which caused the injury. The evidence tends to show that the conductor gave the order, by a signal, for the increase of the speed of the train, and the court in an instruction directed the jury that, if they should so find, it is a fact supporting plaintiff's right to recover. Counsel insists that the evidence in this regard failed to support the allegation of the petition, and the instruction referred to is erroneous, in that it recognizes the evidence as supporting the petition. It is only necessary to say that, assuming that the petition as amended does allege that the section boss gave the order to the engineer, which is denied by plaintiff's counsel, the variance between the allegation and proof is not material, as it is not made to appear, nor is it claimed, that defendant was misled to its prejudice. Code, sec. 2686.

*9. PLEADING and evidence: variance.*

II. The plaintiff was permitted to prove that he was a mechanic, and could earn at his trade more than the wages paid him while in the employment of the defendant. To the admission of this evidence defendant objected. The capacity of plaintiff to earn money is a proper matter to be considered in determining the measure of his damages. The fact that he was in the employment of defendant at less wages than he could have earned at his trade did not lessen his capacity to earn money at his trade. It does not appear that, when he entered the employment of defendant, he was in any manner incapacitated to work at his trade, or

*10. RAILROADS: injury to section-hand: damages: ability to earn money.*

that he had permanently abandoned it. The evidence therefore was correctly admitted.

III. It is complained by defendant that the district court erroneously overruled a motion to suppress a deposition on the ground that the notice for taking it does not state the state, county, city or town in which the officer to whom the commission issued resided. The motion to suppress the deposition was based on an affidavit of defendant's counsel, showing that a notice served upon defendant does not show the place of the residence of the officer to whom the commission was issued. This proof, without more, did not authorize the court to suppress the deposition.

11. DEPOSITION: motion to suppress: evidence.

The original opinion, with this supplement, considers all questions discussed by counsel. The petition for rehearing is

OVERRULED.