GRAY v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Appeal:** PRACTICE: EVIDENCE WANTING. Where the abstract does not purport to contain all the evidence, and appellee insists that a large part of it is omitted, this court cannot consider whether the verdict was sustained by the evidence.

2. —— : —— : MISCONDUCT OF COUNSEL : RECORD. This court cannot pass on the effect of misconduct of counsel below, when the only reference thereto in the record is in the form of a statement contained in the motion for a new trial. ( See *Rayburn v. Central Iowa Ry. Co.*, 74 Iowa, 637).

3. —— : —— : OBJECTION NOT RAISED BELOW. This court will not consider objections to rulings on instructions which were not raised in the trial court.

*Appeal from Scott District Court.*—HON. W. F. BRANNAN, Judge.

FILED, SEPTEMBER 7, 1888.

ACTION to recover four hundred and ninety-nine dollars for damages alleged to have been sustained by reason of negligence on the part of defendant. The case was tried to a jury, and verdict and judgment rendered in favor of plaintiff for four hundred and fifty dollars. The defendant appeals.

*Grant & Grant* and *John T. Fish*, for appellant.

*Heinz & Hirschl*, for appellee.

ROBINSON, J.—The petition alleges that on the second day of January, 1886, the plaintiff, while in the employ of defendant, without fault on his part, and in consequence of the negligence and carelessness of an employe of defendant, sustained the loss of the first finger of his right hand. The answer denies liability, and alleges contributory negligence on the part of plaintiff.

I. Appellant claims that there was no evidence that any one in its employ was negligent, nor that it is in any manner liable for the injury in question, but that the evidence shows that plaintiff was guilty of contributory negligence. The abstract does not purport to contain all the evidence given, and appellee insists that a large part of it is omitted. Under the well-known rules of practice, neither of these claims of appellant can be determined by us.

II. Misconduct of an attorney for appellee, in the closing argument to the jury, is alleged. The only reference to such misconduct which we discover in the record is in the form of a statement contained in the motion for a new trial. This is not evidence of misconduct, and must be disregarded. *Rayburn v. Central Iowa Ry. Co.*, 74 Iowa, 637.

III. Complaint is made that the court failed to instruct the jury properly as to the issues involved. No exception was taken to the charge, nor was the alleged error referred to in the motion for a new trial. The objection seems to be made for the first time in this court, and is too late.

AFFIRMED.