LITTLE SIOUX SAVINGS BANK, Appellant, v. B. F. FREEMAN.

**Practice:** HARMLESS ERROR. The admission of a receipt given by plaintiff is harmless error; where other evidence explains it and tends to show the whole transaction between the parties.

SAME: MISCONDUCT OF COUNSEL can not be shown on appeal, by affidavit.

Deemer, J., takes no part.

*Appeal from Pottawattamie District Court.—*HON. H. E. DEEMER, Judge.

WEDNESDAY, JANUARY 23, 1895.

*Wright & Baldwin* for appellant.

*Flickinger Bros.* for appellee.

Kinne, J.—I. The facts upon which plaintiff seeks to hold defendant liable, as stated in the petition, are, in substance, as follows: That plaintiff is a corporation under the laws of Iowa, engaged in the business of banking, and that on February 7, 1891, and prior thereto, defendant was cashier of said bank. That on the thirteenth day of September, 1890, one Bridgeman, to secure the payment of a note dated July 17, 1890, payable to A. C. Freeman, the wife of defendant, executed and delivered to said Freeman a mortgage upon eighteen two-year-old steers, and on the first day of November, 1890, to secure the payment of a note of seven hundred and twenty-four dollars and fifty cents, payable to said A. C. Freeman, executed and delivered a mortgage upon twenty three-year-old steers. Said notes and mortgages were taken in the

name of A. C. Freeman as payee, but the money advanced thereon was the money of plaintiff and the notes were indorsed by the said Freeman to plaintiff. That on the twenty-second day of January, A. D. 1891, there was due on the said notes the sum of one thousand five hundred and twenty-one dollars and fifty cents, and on said last-named date the defendant, with the consent of Bridgeman, sold the cattle covered by the said mortgages, and realized thereon the net sum of one thousand six hundred dollars, and from the proceeds thereof the said defendant fraudulently passed to his own credit the sum of one thousand five hundred dollars, without the knowledge or consent of the officers of the bank; and with the money so derived purchased other cattle in the name of G. R. Bridgeman, and on the seventh day of February, 1891, took and received in the name of W. T. Peyton, as trustee for the plaintiff, a mortgage upon said cattle, together with other property. That on said seventh day of February, 1891, the said Bridgeman was indebted to plaintiff in the sum of two thousand and twenty-five dollars, which was amply secured by chattel mortgages upon cattle and hogs; and at the same time Bridgeman was indebted to defendant in the sum of one thousand one hundred and fifteen dollars, which was not secured, and that at that time the said Bridgeman was insolvent, as he now is. That on the said seventh day of February the defendant, without the knowledge of the plaintiff or its officers, and without warrant or authority, and with the fraudulent intent and purpose of cheating and defrauding the plaintiff, consolidated all the claims of the bank with his own claims into one note for the sum of three thousand one hundred and forty dollars, which was signed by Bridgeman, and the other notes of the said Bridgeman were canceled by the defendant; and to

secure the payment of said note he took a mortgage from Bridgeman upon certain steers, cows, and hogs. That thereafter the defendant, without the knowledge of the plaintiff, and without authority, but for the purpose of cheating and defrauding the plaintiff, fraudulently converted to his own use and benefit the property, money, and assets of the plaintiff, amounting to the sum of one thousand one hundred and fifteen dollars. That all the property included in the aforesaid mortgage was sold, and the total amount received by plaintiff therefrom was the sum of two thousand five hundred and thirty-four dollars and seventy cents, which was credited on said note of said Bridgeman. That there is now due as a balance on said note the sum of six hundred and ninety dollars, and by reason thereof the defendant is indebted to plaintiff in the sum of six hundred and ninety dollars, with interest and costs. As a second count, plaintiff alleges: That the mortgage of date February 9, 1891, given to secure the payment of three thousand one hundred and forty dollars, covered, among other things, seventy head of hogs. That the defendant sold the said hogs for the sum of four hundred and thirty-one dollars and eighty-four cents, and applied one hundred and seventy-one dollars thereof on a note which Bridgeman had made to one Erickson, and which Erickson had, prior to that time, sold to Freeman, and which was wholly unsecured; and also applied the further sum of ten dollars thereof upon a note held by himself against Bridgeman, and only credited the sum of two hundred and fifty dollars and eighty-four cents upon the note given to the plaintiff, and which the property was mortgaged to secure; and that Bridgeman was at the time, and has ever since been, insolvent; and plaintiff asks judgment against the defendant for the sum of six hundred and ninety dollars, with interest and costs. The defendant, for

answer to this petition, and each count thereof, admits that plaintiff is a banking corporation, as alleged, and that defendant was its cashier, and denies each and every other allegation therein contained. And for further answer the defendant alleges that on the twenty-sixth day of November, 1890, he had a note of G. R. Bridgeman for nine hundred and forty-seven dollars, secured by a mortgage on chattel property to the value of one thousand eight hundred dollars, which said note was due and unpaid on February 7, 1891; that on or about said date the property contained in said mortgage, with other property, was sold, and the sum of one thousand six hundred dollars realized thereon, which was applied by defendant on his indebtedness to plaintiff and to defendant; that on or about said date defendant, as cashier of the plaintiff bank, consolidated all of the indebtedness of Bridgeman to the bank and placed the same in one note of three thousand one hundred and forty dollars, secured by chattel mortgage, which was ample and sufficient to secure the note; that defendant took the note in good faith, and acted with proper care and prudence with reference thereto. For further answer, defendant alleges that about June 1, 1891, he sold all his interest in the plaintiff bank, and retired from his position as cashier of the bank, and at said time had a full and complete settlement of his doings with plaintiff, and particularly with reference to the matters in suit, and defendant's doings therein were fully ratified and confirmed by the plaintiff and its officers. Defendant further states that ample security and payment of the Bridgeman indebtedness was offered and tendered plaintiff, and, if plaintiff has sustained any damages on account of the Bridgeman indebtedness, it is due to the fault and negligence of the plaintiff itself in not accepting the same.

The jury returned a verdict for the defendant, from which this appeal is prosecuted.

II.    It is said that the instructions are conflicting; that some of them are based upon facts of which there was no evidence, and upon matters as to which there was no issue.    These objections are numerous, and we shall not undertake to treat of them in detail.    We have examined the instructions with care, and find that most of the objections made to them are exceedingly technical, and without merit, and that the instructions, as a whole, fully and fairly submitted the case to the jury; nor do we discover any prejudicial error in them.

III.    In the course of the trial, defendant offered in evidence, and it was received over plaintiff's objection, a receipt dated August 5, 1891, and given by plaintiff to Bridgeman for certain notes, including one for three thousand one hundred and forty dollars, dated February 7, 1891, and due March 7, 1891.    The receipt stated that said notes had all been paid, and were of no value except as evidence. It is said that the court erred in admitting this receipt in evidence.    We think it was properly admitted, as tending to show the whole transaction between all these parties; nor could it have misled the jury to plaintiff's prejudice.    This receipt was fully explained by other evidence, showing that there were two notes for three thousand one hundred and forty dollars given, one to A. C. Freeman, and the other to Peyton, trustee, and that only the latter was used; that the one described in this receipt was in fact never used.    Even if the admission of the receipt was error, it was, in view of the other testimony, clearly without prejudice.

IV.   It is claimed that the court erred in striking plaintiff's amendment to its motion for a new trial. This amendment was grounded upon alleged misconduct of defendant's counsel while making his argument to the jury, and which is made to appear only by affidavits.   There was no error in the ruling.   We have repeatedly held that such matters must be perpetuated in the record in the usual way, and preserved by a bill of exceptions; that such is the proper practice.   *Rayburn v. Railway Co.*, 74 Iowa, 641, 35 N. W. Rep. 606, and 38 N. W. Rep. 520; *Hall v. Carter*, 74 Iowa, 368, 37 N. W. Rep. 956; *Gray v. Railway Co.*, 75 Iowa, 100, 39 N. W. Rep. 213.   We cannot, therefore, consider the alleged misconduct.

V.   It is claimed that this case should be reversed upon the merits, that the evidence does not sustain the verdict, and that the verdict is contrary to some of the instructions.   While, sitting as jurors, we might have reached a different conclusion, still we are not prepared to say that the verdict is not sufficiently sustained by the testimony; nor do we think it is contrary to the instructions.   We cannot rehearse the testimony; it is voluminous and conflicting.   Owing to a dispute between counsel as to what the record contained, we have been compelled to resort to the transcript, which we have examined with much care, and reach the conclusion that the judgment below should be *affirmed*.

Deemer, J., takes no part.