J. E. CRANDALL, Appellant, v. WALTER MASON, Appellee.

**TRIAL:** Instructions—Inadvertent Misuse of Terms. The use by the court of the term "defendant," instead of the term "plaintiff," is not reversible error, when the mistake would be manifest to a juror of ordinary intelligence.

**TRIAL:** Instructions—Construction as a Whole. A defect in an instruction may wholly disappear when viewed in the light of other instructions.

**TRIAL:** Reception of Testimony—Inadequate Objection. An objection that testimony tending to show the value of an article is immaterial and irrelevant to any issue in the case does not raise the question that the testimony calls for the value *on the wrong date.*

**APPEAL AND ERROR:** Misconduct in Argument—Record. Error
4   predicated on misconduct of counsel in argument must be perpetu-
    ated in the record and preserved by bill of exceptions.

*Appeal from Mahaska District Court.*—C. A. DEWEY, Judge.

MARCH 11, 1924.

REHEARING DENIED JUNE 28, 1924.

ACTION at law, aided by attachment. Six causes are alleged
in the petition in separate counts, for recovery of purchase price
of personal property; for labor performed; for conversion of
certain personal property; and for damages for injury to prop-
erty. In a counterclaim, defendant alleged three causes of
action against plaintiff. In Count 1, defendant claimed dam-
ages on account of fraud practiced on him by plaintiff in trad-
ing to him a piano which plaintiff did not own, for a team of
mules. In Count 2, defendant claimed for use of an automobile.
In Count 3, defendant claimed for labor performed for plaintiff
and for board furnished plaintiff. The jury returned verdict
for defendant in the sum of $444, and judgment was entered
thereon. Plaintiff appeals.—*Affirmed.*

*L. T. Shangle* and *D. C. Waggoner,* for appellant.

*McCoy & McCoy* and *A. J. Walsmith,* for appellee.

ARTHUR, C. J.—I. Although this action purports not to
involve a prior partnership existing between the parties, it is
quite evident from the record that it grew out of controversies
having their inception in said partnership. Plaintiff owned a
farm, and he and defendant formed a partnership about the
middle of October, 1919, to last for one year, whereby they
stocked and operated the farm. Near the close of the partner-
ship period, differences arose, and plaintiff brought an action
for possession of his farm, and also instituted a suit for ac-
counting. Both of these suits were settled by stipulation and
dismissed. By the stipulation further trouble was not avoided.

The stipulation, after settling certain specific matters involved in the former partnership, provided that the settlement did not include a certain claim of plaintiff's against defendant, "or any other personal claim held by the plaintiff against the defendant, or any personal claim held by the defendant against the plaintiff." Said stipulation was made November 20, 1920. This suit was begun December 8, 1920.

Plaintiff's assignments of error are 30 in number. We will not discuss the assignments *seriatim*. We have examined them as best we can, under the record presented. The abstract and brief and argument of plaintiff, appellant, do not comply with the rules. The abstract contains 375 pages. The abstract of the evidence consists almost entirely of questions and answers set forth in full. Plaintiff makes no statement of the case in his brief and argument. All but a few of the assignments of error are lacking in definiteness of statement,—are not separate, distinct, and sufficient statements of error, as required by our rules.

II. Plaintiff complains of Instruction No. 17, and particularly of a certain part of the instruction to which we will later refer. The alleged facts to which the instruction applies are, in substance: Appellee alleged that he traded a team of mules to appellant in exchange for a piano; that, at the time of the exchange, appellant represented that he was the owner of the piano; but that appellant in fact was not the owner of the piano; that said piano was afterwards taken away from him under a decree which had been entered on November 6, 1919, granting a divorce to appellant's wife in a case wherein she sued appellant for divorce and alimony. Appellant admitted the exchange, but claimed that, at the time of the exchange, he was the owner of the piano, and that the decree of divorce was subsequent to the trade and his delivery of the piano to appellee. On this proposition the court instructed the jury that, if plaintiff sold and delivered to defendant said piano prior to the date of the divorce decree, November 6, 1919, the title to the piano was vested in defendant, and that defendant would not have any claim against plaintiff because thereafter the former wife of plaintiff took the piano

1. TRIAL: instructions: inadvertent misuse of terms.

from defendant; that, if defendant had established by a pre-ponderance of the evidence that, subsequent to November 6, 1919, plaintiff represented to defendant that he was the owner of said piano, and traded said piano and delivered same to de-fendant for the team of mules, then the jury should find for defendant as to said team. The instruction contained the fur-ther sentence,—and this is the sentence that plaintiff, appellant, particularly complains of:

"But if he [defendant] has not established, or if you find the trade and delivery of the piano was prior to November 6, 1919, then you will find for the *defendant* on this count."

Underscoring of the word "defendant" is made by the writer of this opinion, to specifically call attention to the error complained of. The particular complaint is that the instruc-tion was erroneous and prejudicial to plaintiff because it di-rected the jury to find against him in the amount of the value of the mules which were traded for the piano, even though the piano had been sold by plaintiff to defendant before the decree of divorce was granted. Reading the above quoted sentence literally,—that is, considering that the court meant to say "de-fendant" and not "plaintiff,"—appellant's criticism would be warranted. But it is manifest that the use of the word "de-fendant" in the above quoted sentence, where the word "defend-ant" is underscored, was a mere clerical error, and one which, under the record and instructions as a whole, would not be con-tradictory, and would not tend to confuse the jury. It would be manifest to the jurors, we think, that the use of the word "defendant" instead of "plaintiff" was inadvertent, and was a clerical error; and they would not be misled thereby. In several cases we have dealt with this proposition. In *Reupke v. Stuhr & Son Grain Co.*, 126 Iowa 632, we said:

"The use of the word 'defendant' in place of 'plaintiff' in one of the instructions could not have prejudiced the appellant. Twelve reasonably intelligent men could not have been misled thereby, if they paid the least attention to the instructions as a whole, or to the meaning of that paragraph."

III. Appellant complains of error in Instruction No. 4, wherein the court told the jury, as to Count 1 of plaintiff's peti-

tion, that, to entitle plaintiff to recover, he must establish by a preponderance of the evidence that he sold and delivered to the defendant some or all of the items set out in said count, at the prices alleged; and if the jury found that defendant had established his defense of settlement, or if they found that plaintiff had failed to establish by a preponderance of the evidence any or all of the items set out in said Count 1, the jury should find for the defendant as to such items which the plaintiff had failed to establish at the agreed prices as set out in said Count 1. The particular complaint is that the instruction requires the plaintiff to establish his claim as to each item by a preponderance of the evidence, but omits to require that defendant must establish his defense of settlement by a preponderance of the evidence. It is true that the defense of settlement was an affirmative defense, which defendant was required to establish. But in another instruction the court placed the burden upon defendant to establish by a preponderance of the evidence his defense of settlement. There was no error at this point.

*2. TRIAL: instructions: construction as a whole.*

IV. Appellant complains that appellee, as a witness, was permitted to testify, over objection, that the mules for which the piano was traded were worth $400 in April, 1920; and that the value of the mules was not the correct measure of damage in the claim for damage, on account of fraud in exchange of the mules for the piano. We think the value of the mules was the correct measure of damage, and that there was no error at that point. As we understand appellant, he urges that, if the value of the mules was the correct measure of damage, it was error to receive testimony as to their value as of the date of April, 1920. Appellant does not say at what time the value of the mules might properly be shown, if at all. Appellant's objection did not raise the point that the question called for the value of the mules on the wrong date, but was simply an objection that the testimony was immaterial and irrelevant to any issue involved in the case. There was no error at this point.

*3. TRIAL: reception of testimony: inadequate objection.*

V. Error is assigned in refusal of the court to grant a new trial on account of claimed misconduct of appellee's counsel

in the closing argument. Statements made by counsel for ap-

4. APPEAL AND ERROR: misconduct in argument: record.

pellee in the closing argument are set forth in an affidavit attached to motion for a new trial. Objection was not interposed at the time the argument was made, and no exceptions were taken thereto at the time. There was no error in this ruling. We have repeatedly held that such matters must be perpetuated in the record in the usual way, and preserved by exceptions. *Little Sioux Sav. Bank v. Freeman,* 93 Iowa 426.

While we have only discussed a few of the assignments of error, we have examined the entire record. Perhaps there are some technical errors in the rulings of the court, but we are of the opinion that none of them were prejudicial to appellant.

We think the case was fairly tried, and should not be reversed. The judgment of the trial court is affirmed.—*Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.