464

[No. 59. Decided December 19, 1890.]

## H. E. MORGAN v. FRANK MORLEY.

NEGLIGENCE—DEFECTIVE ROADWAY—WHARVES.

In an action for damages for injuries resulting from the negligent construction and maintenance of a wharf, where the complaint alleged that the right and privilege to construct and maintain said wharf "in and upon Tyler street," had been given by an ordinance of the city of Port Townsend, and also contained allegations showing that where the wharf was built, and the plaintiff injured, was not "in and upon Tyler street," but about one hundred feet from the land of Tyler street and out over the water, the complaint states facts sufficient to charge the defendant, and not the city, with the duty of maintaining the wharf in proper condition for travel.

Plaintiff brought an action to recover damages for injuries alleged to have been sustained by reason of the negligent construction and maintenance of a wharf in a certain street. The special findings of fact showed that the said street was 73 feet wide; that by an ordinance of the city the defendant's grantor had been given the right to erect and maintain a wharf for a distance of 15 feet on each side of the center of said street; that the defendant's grantor when building the roadway for said wharf, extended the planks to 16⅚ feet from the center of said street, except one plank, which was 4 inches shorter, and put a guard rail alongside of the roadway; that subsequently the persons who were in possession of the land on each side of said street, removed the railing and planked over the intervening space on each side of said roadway, except at the point where the plank was short, thus leaving a small opening in the roadway or street, which was 16⅚ feet from the center line of said street; that plaintiff while walking along said roadway, in the exercise of due care, was injured by stepping into said opening. *Held*, that the negligence, if any, in leaving the hole, was not the negligence of defendant or his grantor.

*Appeal from Superior Court, Jefferson County.*

Action by Frank Morley against H. E. Morgan, for damages for injuries due to defendant's negligence in constructing, maintaining and operating a certain wharf in and upon Tyler street, in the city of Port Townsend, State of Washington. The trial court found the facts substantially as follows: That Tyler street, in the center of which

said wharf is located, is 73 feet wide, and the ordinance of the city of Port Townsend granting to defendant's grantor the right to erect and maintain said wharf, limited said right or franchise to a distance of 15 feet on each side of the center of said street; that the hole or crack where plaintiff was injured is $16\frac{10}{16}$ feet from the center of said Tyler street; that the roadway of said wharf, at the point where plaintiff was injured, was closely and substantially planked more than thirty feet wide; that defendant's grantor, when he built the roadway, extended the planking out $16\frac{10}{16}$ feet, instead of 15 feet, on each side of the center of the street; that one of the planks in said roadway was about 4 inches shorter than the others; that subsequently the persons who were in possession of the land on each side of the street, planked the intervening space on each side of said roadway, joining the planking on said roadway, except at the point where the plank was short, and removed the guard rail along said roadway; and that plaintiff was injured, without fault on his part, by stepping into said hole between the planks on said wharf. Judgment for plaintiff, and defendant appeals.

*Calhoun & Coleman*, for appellant.

*Hays & Plumley*, for appellee.

The opinion of the court was delivered by

STILES, J.—Appellant's objection to the sufficiency of the complaint is not well taken. It is true that the second paragraph of the complaint alleges that the " right and privilege to construct and maintain said wharf *in and upon* said Tyler street " had been given by ordinance, etc., but the allegations which show where the wharf was actually built and where the accident happened make it clear so far as the complaint is concerned that the part of the wharf where the plaintiff was injured was not "in and upon Tyler street," but about one hundred feet from the

land of Tyler street, and out over the water. If the facts exactly corresponded to the complaint, therefore, perhaps this judgment might stand. But it seems from the testimony and the findings that, in fact, the wharf was " in and upon" Tyler street, at the point where the hole which caused the injury was, and this cast upon the city of Port Townsend the duty of seeing that it was maintained in proper condition for travel. 2 Dill. Mun. Corp. (4th ed.), ¿ 1012; *Fowler v. Strawberry Hill,* 74 Iowa, 644; *Hutchinson v. Olympia,* 2 Wash. T. 314; Charter of Port Townsend (Laws 1881, p. 134, ¿ 93).

Perhaps, if this structure had been maintained merely as an approach to the wharf in the condition in which it was originally built, thirty-two feet wide, the defendant might have been held liable for the injury. But he did not construct the wharf. Eisenbeis constructed it; and at the time of its construction, even though it were two feet and over wider than the ordinance permitted, it had a sufficient guard rail which would have prevented this accident. But Tyler street was seventy-three feet wide, and soon after the wharf was built people began to build upon and occupy the property along the street and wharf. The front of the buildings so erected was over twenty feet from the outer edge of the wharf, and the owners planked out over the intervening space on the wharf level and removed the guard rail, so that a solid roadway was made from side to side of the seventy-three foot street, and the whole came thus to be used as a public street. It was as a public street that plaintiff was passing over it; otherwise, he would have had no right there, unless business connected with the wharf gave him a license to walk upon it, which was not alleged or proven. Morgan acquired the wharf from Eisenbeis, presumably after the planking by abutting owners, the removal of the guard rail, and the use of that part of the wharf as a public street. Taking it at that time and under those circumstances he acquired nothing but the thirty feet

granted by the ordinance, which did not include the hole at all and he was under no duty to look after it at all. The city, either by positive requirement or permissive license, had caused the abutting property owners to plank out to the wharf, and the negligence, if any, in leaving the hole was thus not the negligence of either Eisenbeis or Morgan.

Sundry items of damage seem to have been allowed by the court, which were unsupported by evidence, but it is not necessary to pass upon them.

The judgment must be reversed, with instructions to the court below to dismiss the action, and it is so ordered. Costs to the appellant.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.