Clark v. Reiniger.

REVERSED.

---

CLARK v. REINIGER.

1. **Execution**: RELEASE OF LEVY FOR WANT OF INDEMNIFYING BOND: NEW LEVY ON SAME PROPERTY: ESTOPPEL. The defendant, as sheriff, levied an execution on certain chattels as the property of the execution defendant. Plaintiff gave notice that he was the owner of the chattels, and defendant demanded an indemnifying bond of the execution plaintiff, which he refused to give, whereupon the defendant released the property and returned the execution. *Held* that these facts did not estop defendant from levying a second execution, issued upon the same judgment, upon the same property.

2. **Fraudulent Conveyance**: EVIDENCE: LATITUDE IN CROSS-EXAM-

Clark v. Reiniger.

INATION. Where the question relates to the good faith of a transfer of property, a good deal of latitude is allowed in the cross-examination of the parties to the transaction; and they may be inquired of concerning matters which relate to the transaction, and which tend to show the motives of the parties in entering into it, even though no inquiry was made in the examination in chief with reference to them. See opinion for illustration.

3. ———: EVIDENCE AS TO OTHER AND PRIOR CONVEYANCES IRRELE-VANT: CROSS-EXAMINATION. Where the issue relates to the good faith of a conveyance, evidence as to the good faith of prior conveyances and transactions affecting different property, and between different parties, is irrelevant and immaterial; and especially is it improper to allow such evidence to be drawn out on cross-examination, when the subjects have not been referred to in the examination in chief.

4. **Evidence:** PRACTICE: CONTRADICTING WITNESS AS TO IRRELEVANT MATTER. It is only as to matters which are relevant to the issue that a witness can be contradicted for the purpose of impeachment.

5. **Fraudulent Conveyance;** DECLARATIONS OF VENDOR: MATERIAL-ITY OF AS AFFECTED BY TIME. Where property conveyed by an execu-tion defendant was seized under the execution on the ground that the conveyance was fraudulent and void, and the issue was as to the good faith of the conveyance, whether declarations of the vendor, showing an intent on his part to defeat the execution, were relevant to the issue or not, depended on whether they were made before or after the convey-ance; and, where the evidence was conflicting as to whether they were made before or after, evidence of the declarations was properly admit-ted.

6. **Instructions:** EXCEPTIONS TO: WHEN TO BE TAKEN: PRACTICE ON APPEAL. Exceptions to instructions must be taken either at the time they are given, or within three days after the verdict is returned. Exceptions not so taken cannot be considered on appeal.

*Appeal from Floyd District Court.*

THURSDAY, JUNE 11.

ACTION for the recovery of certain personal property. Plaintiff alleges in his petition that he is the owner of the property in question, and had it in possession, and that defendant took possession of it and claimed to hold it on an execution against one E. M. Clark. Defendant answered, admitting that he took possession of said property; and he alleges that said property belonged to E. M. Clark, and that

plaintiff has no interest therein; and that he, as sheriff, seized it on two executions which were issued on judgments against E. M. Clark, and which he had in his hands for service. He also alleges that whatever interest plaintiff has in the property was acquired from E. M. Clark, and that it was transferred to plaintiff by E. M. Clark for the purpose of hindering and delaying his creditors in the collection of their debts. There was a verdict and judgment for defendant. Plaintiff appeals.

*Starr & Harrison*, for appellant.

*Ellis & Ellis*, for appellee.

REED, J.—I. Plaintiff filed a reply, in which he alleged that after the executions came into defendant's hands he levied upon the property in question, and retained possession of the same during one day, and that he then released the levy and returned the property to plaintiff, and returned the writs to the office of the clerk, and that this was done after written

**1. EXECUTION: release of levy for want of indemnifying bond: new levy on same property: estoppel.**

notice of plaintiff's ownership of the property had been served upon defendant, and he had demanded of the plaintiff in execution bonds indemnifying him against liability on account of the levy, and they had refused to give the same; and plaintiff alleged that defendant and the judgment creditors were estopped by these facts from again taking possession of the property on said judgments, and that they thereby forfeited all rights to claim the property on the judgments. On defendant's motion this reply was stricken from the files, on the ground that the matters pleaded therein did not constitute an estoppel, nor did they avoid defendant's claim, but were irrelevant and redundant. This ruling is clearly right. On the failure of the plaintiffs in execution to give the sheriff indemnifying bonds, it was his right to decline to proceed further under the levy, and he might properly restore the property to the person from whose possession it was taken.

Code, § § 3056, 3057. But the release of the levy and the return of the writs had no effect upon the judgments on which they were issued; nor were the rights or liabilities of the parties thereto affected in any manner by what was done. The plaintiff in the judgments had the right, on the return of the writs, to have other executions issued, (Code, § 3025,) and upon these writs any property belonging to the defendant in the judgments might be seized and sold in satisfaction of the judgments. If, then, the property in question belonged to E. M. Clark, or if it had been transferred by him to plaintiff in fraud of the rights of his creditors, the right of the plaintiffs in the judgments to have it seized on the second execution, and appropriated in satisfaction of their judgments, was not at all affected by the proceedings which were had under the former writs.

II. Plaintiff was examined as a witness in his own behalf, and testified that he purchased the property of E. M. Clark, (who is plaintiff's father,) and that he derived the means with which he made the purchase from the sale of a tract of land which he and his father had owned jointly. On cross-examination he was asked whether, at the time he purchased the property, he did not have knowledge of certain judgments against his father, and of suits which had been instituted by the judgment creditors for the purpose of subjecting certain property to said judgments, and whether he supposed, when he made the purchase, that his father was solvent, and whether he did not know that his father's personal property was covered ,by chattel mortgages. Plaintiff objected to all of these questions, on the ground that they were not proper on cross-examination, were immaterial and incompetent.

*2. FRAUDULENT conveyance: evidence: latitude in cross-examination.*

The objection was overruled, and plaintiff was required to answer the questions. This ruling is assigned as error. Under the issue it was material to inquire as to the financial condition of E. M. Clark at the time of the sale; and whether plaintiff had knowledge of that condition when he made the

Clark v. Reiniger.

purchase was also a material inquiry. The materiality of the facts sought to be elicited by the questions objected to cannot be doubted, and we also think they were properly allowed on cross-examination. On his examination in chief, it is true, the witness had been examined only as to the transactions of the purchase of the property, and that in which he claimed to have obtained the means with which he made the purchase. But under an issue of this character a good deal of latitude is allowed in the cross-examination of the parties to the transaction in question, and they may be inquired of concerning matters which relate to the transaction, and which tend to show the motives of the parties in entering into it, even though no inquiry was made in the examination in chief with reference to them.

III. E. M. Clark was also examined as a witness for plaintiff. In his examination in chief he testified simply

3. ——: evidence as to other and prior conveyances irrelevant: cross-examination.

that he had no interest in the property in question, and that it belonged to plaintiff. On cross-examination he detailed the transaction of the sale of the property by him to plaintiff substantially as plaintiff had done. He was then asked a number of questions with reference to a transaction between him and one Grove, in which it was claimed by defendant that Clark purchased certain real estate from Grove, and had the title thereto conveyed to another son, who held it for a number of years, when it was sold, and the proceeds applied to Clark's benefit. Plaintiff objected to these questions on the ground that they were irrelevant and immaterial; but the objection was overruled, and the witness was required to answer the questions, and his answers had some tendency to establish defendant's claim with reference to the transaction. He was also asked with reference to his interest in a certain farm which he occupied, but the title to which was held by a brother-in-law of his. Plaintiff objected to all questions asked the witness with reference to this subject on the same ground; also on the further ground that they were not proper on cross-

examination; but this objection was also overruled, and the witness testified that his brother-in-law had held the title to said farm for about eighteen years, but that he (the witness) had occupied and cultivated it during the time, and that he had an interest in it. He was not asked any questions, however, as to the extent of his interest, nor was he asked to explain the object for which the title was placed in his brother-in-law, and retained by him. The objection urged against the questions with reference to the transaction with Grove is that the facts sought to be elicited are immaterial and irrelevant. The objection makes no question but that defendant, if he was entitled to prove the facts under the issue, was entitled to prove them by the cross-examination of the witness.

Defendant's claim is that Clark procured the title to the real estate purchased from Grove to be conveyed to his son for the purpose of covering the property from his creditors. The question, then, which was raised by the objection is whether the fact that Clark, in the transaction with Grove, caused the property which he purchased from him to be conveyed to his son with intent thereby to cover it from his creditors, is admissible as evidence that the transfer of the property in question was made with a like fraudulent intent. It will be observed that the transactions are entirely distinct. The one with Grove occurred years before the occurrence of the one with plaintiff. They relate to different properties and were between different parties. The facts of the transaction between the witness and Grove were not relevant to the issues in the case. Nor were they relevant to the facts which were put in issue by the pleading. We think, then, that, under the elementary rule "that the evidence must correspond with the allegations and be confined to the point in issue," the evidence in question should have been excluded. 1 Greenl. Ev., § 50; Stevens, Dig. Ev., c. 1. The question with reference to the interest of the witness in said farm should also have been excluded under the same rule. And, in addition to that, defendant was not entitled to ask them on

cross-examination. They had no relation either to the transaction in question or to any matter about which the witnesses had been examined in chief.

IV. The witness E. M. Clark was also asked whether he had not, at a time and place which were named, made certain statements to one Smith with reference to his ownership of the property purchased from Grove, which were inconsistent with his testimony given on the trial. He answered this question in the negative, and defendant thereupon called Smith, who, against plaintiff's objections, was permitted to detail the statements of Clark on the subject at the time and place referred to in the question. This evidence was introduced for the purpose of impeaching the credit of the witness. But it was not competent for that purpose. The matter to which the alleged statement referred, as we have seen, was not relevant to the issue. And it is only as to matters which are relevant that a witness can be contradicted. 1 Greenl. Ev., § 462; *Nelson v. Chicago, R. I. & P. R'y Co.*, 38 Iowa, 564. He was also asked whether he had not stated to another person, at a time and place named, that if the plaintiffs in execution collected their judgments against him they would be smarter than he was, which he answered in the negative; and the person named in the question was called, and, against plaintiff's objection, was permitted to testify that at the time and place named in the question Clark made that statement. Both plaintiff and his father testified that the sale of the property to plaintiff took place more than a year before the time of this alleged statement. If it could be said that the evidence showed, without any conflict, that the property was transferred to plaintiff at the time sworn to by him and his father, the evidence of the statement should have been excluded. For, if the witness made the statement attributed to him, it indicated simply the motive and feelings which actuated him at the time, and was not an index of his purpose in making

4. EVIDENCE: practice: contradicting witness as to irrelevant matter.

5. FRAUDULENT conveyance: declarations of vendor: materiality of as affected by time.

the transfer of the property a year or more before that. His motive and purpose at that time were immaterial, and he could not be discredited by showing his declarations with reference to them.    But it cannot be said, we think, that there was no conflict in the evidence as to the fact of a sale of the property to plaintiff at that time.    There was some evidence that plaintiff's father continued, after the time of the alleged sale, and up to near the time of the levy, to exercise some control over the property.    There is also some evidence of acts by plaintiff with reference to the property after that time, which are not entirely consistent with the claim that he was then the absolute owner of it.

Defendant had the right to have the question, whether any transfer of the property had been made before the time of the alleged statement, passed upon by the jury.    If the transfer was not made until after that time, the motives and intentions of the witness at the time were material.    We think, therefore, that the evidence of this statement was properly admitted.    The questions necessary for laying the foundation for the admission of the evidence of this statement were not asked during the cross-examination of the witness; but after plaintiff had rested, and defendant had introduced a portion of his testimony, he asked leave to recall the witness for the purpose of then asking such questions, and, against plaintiff's objection, leave to do this was granted by the court. This action of the court affords no ground of exception.    The matter was within the discretion of the court, and no abuse of discretion is shown.

V.    Defendant was permitted, against plaintiff's objection, to introduce the record of a number of chattel mortgages given by E. M. Clark to various persons.    There was no evidence tending in any manner to show that these mortgages were not given to secure *bona fide* debts of the mortgagor.    Many of them were executed years before the transactions in question, and none of them affect the property in controversy.    We think they ought not to

SAME AS NO.3, ante.

have been admitted in evidence. They did not tend either to prove or disprove any fact material to the case or relevant to the issue.

VI. Error is assigned on certain of the instructions given by the court; but the record shows that these instructions were not excepted to either at the time they were given or within three days after the verdict was returned. Plaintiff is, therefore, not entitled to have the questions considered which he attempted to raise by these assignments. *Stevens v. Taylor*, 58 Iowa, 664; *Kelleher v. City of Keokuk*, 60 Id., 473; *Bailey v. Anderson*, 61 Id., 749; As the judgment must be reversed on the grounds pointed out, we do not consider the questions argued by counsel relating to the sufficiency of the evidence to sustain the verdict, and the form of the judgment.

*6. INSTRUC-TIONS: exceptions to: when to be taken: practice on appeal.*

REVERSED.