Hall v. Carter.

## HALL v. CARTER *et al.*

1. **Instructions**: READING PLEADINGS NOT INCORPORATED BY COPY : ERROR WITHOUT PREJUDICE. It is error to read to the jury the pleadings in the case, in charging the jury, when such pleadings are not copied into the instructions as a part thereof. (See Code, sec. 2788, and cases cited in opinion.) But since the issues in this case were sufficiently stated in other paragraphs of the charge, *held* that the judgment should not be disturbed on account of the error.

2. ———— : ERROR CURED BY SPECIAL FINDING. An error in the charge of the court is no ground for reversal where, as in this case, it appears that it was without prejudice, in view of the facts specially found by the jury.

3. ———— : AS TO PROOF OF FRAUD. It is not necessary for the jury to find that all the circumstances surrounding a transaction combine to show fraud before fraud can be found. It is sufficient if they are reasonably satisfied from all the circumstances that fraud existed ; and that was the purport of the instruction given in this case.

4. ———— : PREMATURE READING IN PRESENCE OF JURY. The fact that the court, in response to the statements of counsel as to his views of the law, made just prior to the beginning of the argument to the jury, read to counsel, in the presence of the jury, one of the instructions of the charge, *held* to be no ground for reversal ; there being nothing to show any abuse of the court's discretion as to such matters, nor any prejudice to the complaining party.

5. **Jury**: RIGHT TO RETURN SPECIAL VERDICT. The jury may, in their discretion, return a special verdict. (Code, sec. 2808.)

6. **Appeal**: RECORD AS TO MISCONDUCT OF COUNSEL. This court cannot consider alleged misconduct of counsel on the trial below, when the only evidence of such misconduct contained in the record is in the form of affidavits made by the attorney of the appellant. (Compare *Rayburn v. Central Iowa Ry. Co., post*, p. 637.)

*Appeal from Palo Alto District Court.*—Hon. Lot Thomas, Judge.

Filed, May 8, 1888.

On the twenty-third of August, 1880, the Palo Alto circuit court rendered judgment in favor of plaintiff and against defendant B. Franklin for $142.78 damages, and $13.50 costs. On the eleventh day of October, 1886, A. B. Carter and A. D. Franklin were served with garnishment process by virtue of an execution issued on said judgment. The answers of the garnishees, in which they denied all liability, were afterwards taken in court, and a pleading controverting such answers was duly filed. To this pleading the garnishees filed an answer.

The evidence tends to show that, for some time prior to the garnishment, a drug business had been carried on at West Bend, under the personal control of the defendant; that about the last of September, 1886, the stock of goods used in the business was sold to the garnishee A. D. Franklin, and that, on or about the eighth day of October, 1886, he sold the goods to A. B. Carter. When garnished, Carter was owing, of the price he had agreed to pay for the goods, about four hundred and thirty dollars. The case was tried to a jury, and a verdict rendered in favor of the garnishees. From the judgment rendered on the verdict the plaintiff appeals.

It is claimed on behalf of the appellant that, prior to the sale to A. D. Franklin, the drug-store was in fact owned and carried on by defendant, but that the business was done in the name of his wife, E. Franklin, or E. Franklin & Co., for the purpose of hindering and delaying the plaintiff in the collection of his judgment; that the sale to A. D. Franklin was fraudulent, made without consideration, for the purpose of placing the goods beyond the reach of the creditors of the defendant; and that the unpaid portion of the purchase price in the hands of Carter, when garnished, was really the property of defendant, and, as such, should be subjected to the payment of the judgment of plaintiff.

*McCarty & Linderman* and *Harrison & Jenswold*, for appellant.

*Soper & Allen* and *Kelly & O'Connor*, for appellees.

ROBINSON, J.—I. In its charge to the jury, the district court used the following language: "The plaintiff controverts the answers given by the garnishees, and for that purpose files the following pleading, to-wit." The pleading referred to was not included in the charge by copy, but was read by the court as a part of its charge. Substantially the same course was pursued in regard to the answer which the garnishees had filed to the plaintiff's pleading controverting their answers. This court has repeatedly disapproved similar practice. *Fitzgerald v. McCarty,* 55 Iowa, 704; *Bryan v. Chicago, R. I. & P. Ry. Co.,* 63 Iowa, 465; *Porter v. Knight,* 63 Iowa, 366; *Hollis v. State Ins. Co.,* 65 Iowa, 460; *Lindsay v. City of Des Moines,* 68 Iowa, 368. It was the duty of the district court to state the issues in its charge, and this should have been wholly in writing. Code, sec. 2788. In this case the charge was, in effect, partly oral and partly in writing. The jury were not told to consult the pleadings, and could not determine what such pleadings contained from reading the written charge. They were forced to depend upon their recollection of what the court had read, or were compelled to select, from the papers submitted to them upon retiring for deliberation, the pleadings which were actually read as a part of the charge, at the risk of mistake. We do not think this is good practice. The entire record of the case satisfies us, however, that no prejudice resulted from this error of the court. The third paragraph of the charge presented the issues quite fully, and other paragraphs further presented the issues, and directed the jury as to their duties. Several special findings were returned, which indicate that the issues were fully understood by the jury. We therefore conclude that the verdict should not be disturbed on the grounds just considered. *Dorr v. Simerson,* 73 Iowa, 89.

II. The eighth and ninth paragraphs of the charge to the jury instructed them that, although they found

*1. INSTRUCTIONS: reading pleadings not incorporated by copy.*

Hall v. Carter.

the sale to A. D. Franklin to have been
2. —— : error fraudulent as. to creditors of the defendant,
cured by
special finding yet they could not return a verdict against
Carter unless he was a party to the fraud, or had knowl-
edge of it when he purchased the goods, or notice which
should have put him upon inquiry which would
have led to such knowledge. In this we think there was
error. It is not claimed in the pleadings that Carter
was a party to the alleged fraud, nor that he was
chargeable with knowledge of it when he purchased the
goods. His good faith in the transaction was not in
issue, and for the purposes of this case it was wholly
immaterial whether he was a party to the alleged fraud,
or was chargeable with knowledge of it or not. If such
fraud had in fact been perpetrated, and the goods or
their proceeds were liable in the hands of A. D.
Franklin for the payment of the judgment of plaintiff,
Carter would be liable in this proceeding to the amount
of the purchase money which remained in his hands.
when he was garnished. This fact was ignored in the
charge. But we find that the giving of these para-
graphs of the charge was error without prejudice, for
the reason that the jury found specially that defendant
did not own the goods when they were sold to A. D.
Franklin, and that E. Franklin & Company did then
own them.

III. Objection is made to the eleventh paragraph
of the charge, on the alleged ground that it required
the jury to find that all the circumstances
3. —— : as to surrounding the transactions in question
proof of
fraud. must combine to show fraud before fraud
can be found. We do not understand that to be the
meaning of the language used, but, rather, that the jury
may find fraud if they are reasonably satisfied from all
the circumstances aforesaid that such fraud existed ; or,
in other words, that their finding should be based upon
a consideration of all the circumstances involved in the
transactions.

IV. Objections are also made to other portions of
the charge. We discover no error in any of them unless

it be the tenth paragraph; but the error in that, if any, was immaterial, in view of the special findings of the jury.

V. While the attorney for defendants was stating his views as to the law of the case, after the evidence had been submitted, and before the argument to the jury was commenced, the judge read in the presence of the jury the fourth paragraph of the charge. Appellant objects to this on the ground that the jury were virtually instructed by the reading, to the extent of the paragraph read; while they should have been instructed only after the arguments to the jury had been concluded. The paragraph in question seems to have been read for the benefit of counsel for defendants, and in response to something he had said. It was not read to the jury, and could not have been understood by them as designed to instruct them at that time. Its contents were not of a nature to prejudice plaintiff by being read in advance of the remainder of the charge. While it is sometimes desirable that the remarks of the judge and the arguments of the counsel, in regard to questions involved in a case, be not made in the presence of the jury, yet it is not always practicable nor desirable to have such questions considered in the absence of the jury. The proper practice in each case must be determined by the trial court, in the exercise of a sound legal discretion. We discover no abuse of that discretion in this case.

*4. ——: premature reading in presence of jury.*

VI. Counsel for appellant criticise the action of the court in submitting certain special interrogatories to the jury, and object to certain special findings returned by the jury on their own motion. We discover no prejudicial error in any of these matters. The jury were authorized to return a special verdict in their discretion. Code, sec. 2808.

*5. Jury: right to return special verdict.*

VII. Misconduct on the part of an attorney for defendant while making his argument to the jury is

**6. APPEAL: record as to misconduct of counsel.** urged. The only evidence of the alleged misconduct contained in the record is in the form of affidavits made by attorneys for plaintiff. We held in *Rayburn v. Central Iowa Ry. Co., post,* p. 637, that such affidavits were insufficient to make the misconduct of attorneys a matter of record. We cannot, therefore, determine in regard to that alleged in this case.

Other objections are discussed by counsel; but, since they involve no question of general interest, we need not refer to them in detail. It is sufficient for us to say that we have examined the record carefully, and find no error prejudicial to appellant. The judgment of the district court is, therefore,

