Fowler v. The Town of Strawberry Hill.

11. DEPOSITION: motion to suppress: evidence.

---

FOWLER v. THE TOWN OF STRAWBERRY HILL.

1. **Appeal**: DELAY IN FILING ABSTRACT AND ARGUMENT: MOTION TO AFFIRM. It is not the practice of this court to affirm causes summarily on motion, after they are prepared for submission on the part of appellants, on the ground of delay in presenting abstracts and arguments. If prejudice has resulted to the other party by such delay, redress must be sought in some other way. (See Code, sec. 3181; Laws of 1874, chap. 56.)

2. ———: MOTION TO STRIKE MATTER FROM AMENDED ABSTRACT. A motion to strike out a portion of appellee's amended abstract, on the ground that it contains matter not contained in the transcript, is not passed on, for the reason that the original abstract sufficiently shows the fact intended to be shown by the amendment.

3. **Cities and Towns**: KEEPING STREETS IN REPAIR: RAILROAD BRIDGES. An incorporated town is charged by the law with the duty of keeping its streets in proper condition for travel, and this obligation extends to a bridge built in the street by a railroad company, on its right of way, as an approach to a crossing of its track. Whatever obligation may rest upon the company to keep such approach in safe condition, the town still remains liable for negligence in that regard.

Fowler v. The Town of Strawberry Hill.

4. **Practice :** RECALLING WITNESS : DISCRETION OF COURT. In the absence of a showing that the trial court abused its discretion, this court will not interfere with its refusal to allow defendant to recall a witness for cross-examination on the ground that counsel was not informed at the examination in chief of the further fact he wished to elicit.

5. **Appeal :** PRACTICE : COMPLAINT OF MISCONDUCT OF COUNSEL : RECORD. This court will not consider complaints of the misconduct of counsel in the court below where the facts are not shown by proper certificate or bill of exceptions, given by the trial court. Affidavits will not be considered. (*Rayburn v. Central Iowa Ry. Co., ante,* p. 637, *followed.*)

*Appeal from Jones Circuit Court.*

FILED, JUNE 8, 1888.

ACTION to recover for personal injuries sustained by plaintiff by a fall from a bridge upon a street of the town, while riding over it in a sleigh ; the accident occurring through the fault of defendant in failing to erect and maintain railings or barriers to the bridge. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Jamison & Mellett,* for appellant.

*Herrick & Doxsee* and *Remley & Ercanbrack,* for appellee.

BECK, J.—I. The plaintiff moves to affirm the judgment of the circuit court on the ground that defendant failed to file the abstract and arguments in the case within the time prescribed by the rules of the court. These papers, and an amended abstract and argument for plaintiff, were duly filed before the last day of the October term, and the cause was submitted thereon with this and another motion, hereafter noticed, at the present term. We are not accustomed to summarily affirm causes after they are prepared for submission on the part of appellants on the ground of delay in presenting abstracts and arguments. If prejudice has resulted

1. APPEAL: delay in filing abstract and argument : motion to affirm.

to the other party by such delay, redress must be sought in some other way. In this we follow the spirit, if not the words, of the statute. See Code, sec. 3181; Laws 1874, chap. 56. The motion is overruled.

II. Plaintiff filed an amended abstract, a part of which defendant moves to strike out on the ground that

2. ——: motion to strike matter from amended abstract.

it contains matter not found in the transcript of the record. We will not pass upon this motion, for the reason that the original abstract sufficiently shows the fact intended to be shown in the amended abstract; viz., that the bridge in question was in a street of defendant.

III. The following is a brief, though sufficient, statement of facts upon which plaintiff bases her claim

3. CITIES and towns: keeping streets in repair: railroad bridges.

to recover in this action: The plaintiff, with her children, and accompanied by her sister as a driver, was passing in a sleigh over one of the streets of the defendant. It was necessary for them to cross a railroad track, which was approached by a bridge, wholly, or nearly so, upon the right of way of the railroad, and was built by the railroad company to be used as an approach to the crossing of its track at the place. The bridge had no railings or barriers, and the horse, becoming frightened, or unmanageable by the driver, fell or jumped from the bridge, taking the sleigh and the occupants with it. The plaintiff sustained injuries to her person from the fall.

IV. The main point made by defendant's counsel is to the effect that the railroad company constructing

THE SAME.

the bridge is alone liable to plaintiff for any legal claim for damages resulting from its insufficient construction, or negligence in failing to erect sufficient protection by railings or barriers which would have averted the accident. It may be assumed, without so deciding,—for the point is not necessarily in the case,—that the railroad corporation is liable to plaintiff. But this liability does not relieve the town, which we hold is liable in this action. There is nothing in any of the statutes cited by defendant's counsel obligating railroad companies to construct and maintain crossings

over their tracks for highways, and approaches thereto, properly regarded as a part of the crossings, which relieves towns and cities of the obligation to cause to be kept in repair such crossings and approaches, either by the railroad companies or otherwise, and which relieves them of liability for defective crossings, through imperfect construction or failure to make repairs when needed. The crossing, being in the street, is a part of it. Under the law, the railroad company is authorized to use the street at the place of crossing for its track. But the street is not vacated by such use. It remains a street, and is subject to use as such, burdened, however, with the use authorized for a railroad track. The town, under the law, is charged with the duty and obligation to keep the street in proper condition for travel, and, so far as it can be done, in view of the additional burden caused by its use for the railroad track, it must protect the public in the use of the street, and must see that the crossing is kept in proper condition. It cannot abdicate its power, nor abrogate its obligation, on the ground that the railroad company fails to do its duty as to the crossing. The town, in the discharge of this duty and this obligation, must see to it that the railroad company keeps the crossing in the condition required by law'; and, if it fails to do so with the promptness demanded by the interest and the proper protection of travelers upon the street, the town itself must do the required work, and seek redress against the railroad company. The town exists for the convenience and protection of its inhabitants. It cannot escape liability for its neglect on the ground that what it ought to have done should also have been done by another. A lot-owner may be required, by ordinance or otherwise, to keep the sidewalk abutting his property free of snow and ice, or in proper repair. If he fails in his duty and the discharge of his obligation in this regard, the city is not excusable for its neglect or failure to cause the work required to be done by the lot-owner, or for failure to do the work itself. These views are based upon familiar principles. See, in their support, 2 Dill. Mun. Corp. sec. 1037,

p. 1064, and notes. Instructions given by the circuit court, and rulings upon evidence on this branch of the case, are in accord with the doctrines we have stated.

V. Other instructions upon the subject of the care due from the plaintiff or her driver, contributory negligence, and other questions, are correct, harmonizing with familiar rules of the law. The objections based thereon, with one or two exceptions, are not argued; counsel contenting themselves with their simple statement. We cannot be expected to discuss them.

VI. At the trial defendant asked to recall a witness for cross-examination as to statements made by her.

*4. PRACTICE: recalling witness: discretion of court.* The request was based on the ground that counsel was not informed when she was examined in chief of the fact he wished to elicit on the cross-examination. This application rested largely upon the discretion of the judge, which is not shown to have been abused by the refusal to permit the witness to be called for further cross-examination.

VII. It is now urged, as a ground of reversal, that counsel for plaintiff, in his address to the jury, improperly made statements of facts not shown in

*5. APPEAL: practice: complaint of misconduct of counsel: record.* the evidence. This objection is based upon an affidavit. But we have recently held that matters of this kind must be shown by the proper certificate or bill of exceptions given by the court. We will not consider affidavits given to establish the fact. *Rayburn v Central Iowa Ry. Co., ante,* p. 637.

VIII. The evidence sufficiently supports the verdict upon all issues of the case. The amount found for plaintiff is not excessive.

The judgment of the circuit court is

AFFIRMED.