L. A. BRITSON v. L. J. TJERNAGEL, JOHN SWAN AND THE CITY NATIONAL BANK, Appellants.

**Wrongful Attachment of Land: Damages.** A counterclaim for damages by reason of a wrongful attachment of land should not be submitted to the jury where no damage is proven. (2)

**Misconduct of Counsel: Bill of Exceptions.** Misstatements in argument of counsel can not be reviewed on appeal unless preserved by bill of exceptions. Affidavits filed in the trial court will not be considered. (3)

**Newly Discovered Evidence.** Where there is a conflict as to the existence of newly discovered evidence which is largely cumulative, the discretion of the trial court in refusing a new trial will not be interfered with. (4)

*Appeal from Story District Court.*—HON. S. M. WEAVER,
Judge.

MONDAY, FEBRUARY 5, 1894.

ACTION at law to recover the sum of two hundred
dollars which plaintiff alleged he deposited with the
defendant bank.    The defendants denied that the
alleged deposit was made.    There was a trial by jury,
and a verdict and judgment for the plaintiff.    Defend-
ants appeal.—*Affirmed.*

*J. F. Martin* for appellants.

*Funson & Gifford* for appellee.

ROTHROCK, J.—I.   The Citizens' Bank, defendant,
is located at Story City, and is owned by the defend-
ants Tjernagel and Swan.   In 1891 the plaintiff was
engaged in the hardware business at a village named
Roland, a few miles from Story City, and he did his
banking business with said bank.   He claims that he
delivered to the defendant Tjernagel the sum of two
hundred dollars in currency, at Roland, to be deposited
in the bank, and that he received no credit for said
money.   There is no question made as to the sufficiency
of the evidence to authorize a verdict for plaintiff.

II.   When the plaintiff commenced the action he
sued out a writ of attachment on the ground that
the defendant Tjernagel was about to remove per-
manently out of the county, and had property not
exempt from execution, which he refused to apply to
the payment or securing of the debt due to the plain-
tiff, and that he was about to convert his property into
money for the purpose of placing it beyond the reach
of his creditors.   The attachment was levied upon
eighty acres of land.   The defendant Tjernagel filed a
counterclaim, in which he demanded damages of the

plaintiff for wrongfully suing out the attachment. The counterclaim did not deny the grounds of the attachment set out in the petition. It was based upon the ground that the attachment was wrongfully sued out, because there was no indebtedness due from the defendants to the plaintiff. When the case was submitted to the jury the court withdrew the counterclaim from the consideration of the jury. It is claimed this action of the court was erroneous. We think the ruling of the court was correct upon the ground that there was no competent evidence of any damages by reason of the attachment. There was no evidence that the defendant was in any way damaged by the levy of the attachment upon his land.

III. The defendants filed affidavits which tended to show that plaintiff's counsel, in his argument to the jury, made false statements, which were not warranted by the evidence and which were greatly to the prejudice of the defendants. A new trial was asked on account of this misconduct. We think the court rightly overruled the motion on this ground. It does not appear that these affidavits were made part of the bill of exceptions. Where misconduct of an attorney in argument is relied on for reversal on appeal, it should be shown by bill of exceptions, and not by affidavits filed in the trial court. *Rayburn v. Railway Co.*, 74 Iowa, 637, 35 N. W. Rep. 606, and 38 N. W. Rep. 520; *Hall v. Carter,* 74 Iowa, 364, 37 N. W. Rep. 956; *Fowler v. Town of Strawberry Hill,* 74 Iowa, 644, 38 N. W. Rep. 521.

IV. A new trial was asked upon the ground of newly discovered evidence, which was supported by affidavits. The affidavits as to alleged newly discovered evidence were, for the most part, contradicted by counter affidavits filed by the plaintiff. Much of the newly discovered evidence was cumulative, and, in our

opinion, the court did not abuse its discretion in refusing a new trial for this cause.  The judgment of the district court is AFFIRMED.