NORTHWEST SECURITIES COMPANY, Appellant, v. PETER J. SCHNECKLOTH, Appellee.

**TRIAL:** Instructions—Submission of Actionable and Nonactionable
1 **Representations.** It is erroneous for the court to submit to the jury both actionable and nonactionable false representations, without pointing out the essential distinctions between the same.

**TRIAL:** Instructions—Nondisputed Matters.    Nondisputed matters
2    must not be submitted to the jury.

**BILLS AND NOTES:** Negotiability—Omission of Revenue Stamps.    A
3    promissory note otherwise negotiable is not rendered nonnegotiable
by the omission of the Federal revenue stamps.    Evidence of the
absence of such stamps is nonadmissible.

Headnote 1:  38 Cyc. p. 1610. Headnote 2:  38 Cyc. p. 1515.  Headnote
3:  8 C. J. p. 113.

*Appeal from Cedar District Court.*—JOHN T. MOFFIT, Judge.

FEBRUARY 17, 1925.

ACTION to recover on promissory note.  Defense of fraud.
From judgment for defendant on the verdict of the jury, plain-
tiff appeals.—*Reversed.*

*Hamiel & Mather* and *Carl H. Lambach,* for appellant.

*J. C. France* and *C. J. Lynch,* for appellee.

ARTHUR, J.—Briefly stated, the defendant bought 23 shares
of stock in the Linograph Investment Company, and gave his
note for $4,600, dated February 12, 1920, in payment therefor.
It is on this note that the suit is based.  This note was made
payable to the Linograph Investment Company, of Davenport.
It was, through indorsement, passed to the plaintiff, which
bought the note.  The jury, by its verdict, found that it was pro-
cured by fraud and false representations, and that the plaintiff
had not established itself to be an innocent purchaser.

The errors assigned have mostly to do with the instructions;
and no further statement of the facts will be made, except as
the same may be necessary to the consideration of the objection
to the instructions.

There are a number of alleged false statements set out in
the plaintiff's petition, on which it predicates its action.  Some
of them are statements of facts; others are mere matters of

1. TRIAL: instructions: submission of actionable and nonactionable representations.

opinion. The court failed to cull out the statements that were properly a basis for an action of this kind, and nowhere in his instructions distinguishes between those which can properly be submitted as a basis for such an action from those which are not properly submitted, but gave a general instruction that mere matters of opinion could not be the basis of such an action. We have repeatedly condemned this practice, and have said that it is the duty of the trial court to cull from the pleadings the exact matters to be submitted to the jury, and that it is bad practice, if not reversible error, to copy the pleadings and leave it to the jury to determine just what points are to be considered by them. *Canfield v. Chicago, R. I. & P. R. Co.*, 142 Iowa 658; *Ashcraft v. Davenport Locomotive Works*, 148 Iowa 420.

In view of the fact that this case is to be reversed, we suggest that, on the resubmission of the case, the above rule be observed.

Another rule of this court which the district court failed to observe is that nondisputed questions should not be submitted to the jury, and that by doing so the court commits

2. TRIAL: instructions: nondisputed matters.

error. *Thompson v. Thompson*, 171 Iowa 583. Evidence was offered in the case, over objection, that the note, when it left the maker's hands, did not have affixed thereto or canceled any revenue stamps, as provided by the Federal law; and on this question the court gave an instruction to the jury, the substance of which

3. BILLS AND NOTES: negotiability: omission of revenue stamps.

is that, if such revenue stamps were not attached to said note and canceled when the same was delivered, then the plaintiff would not be an innocent purchaser in due course. The court probably bottomed this ruling on the then holding of this court in the case of *Lutton v. Baker*, 187 Iowa 753. This case has since been overruled by this court in the case of *Farmers Sav. Bank v. Neel*, 193 Iowa 685, and *Richardson v. Cheshire*, 193 Iowa 930. This probably accounts for this error in the instruction; and if for no other reason, this case would have to be reversed on this instruction. This being true, it is also apparent that the court erred in admitting the evidence of the want of these stamps on the note at the time it was delivered.

We have reviewed the other assignments of error, and find nothing on which a reversal could be based. For the errors heretofore pointed out, this case is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.