W. L. HILDENBRAND, appellee, v. LOUIS STINSON, appellant.

No. 47606.

(Reported in 41 N.W. 2d 698)

MARCH 7, 1950.

Raymond E. Hanke, of Des Moines, for appellant.

Parker, Mook & Mannheimer, of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff sought in an action at law to recover $475 which was the balance due on a claimed loan of $700 previously made to Louis Stinson. It was evidenced by a check drawn on the bank account of the plaintiff and made payable to the original defendant. Plaintiff in connection with his suit attached a truck owned by the defendant. Subsequent to the commencement of the action, Louis Stinson died and his administrator was substituted as defendant. In his answer the substituted defendant denied liability on plaintiff's claim and filed a counterclaim for damages for alleged wrongful and malicious attachment. At the conclusion of all the evidence the trial court directed a verdict for the plaintiff and judgment was entered upon his petition for the amount claimed. The court also sustained a motion to dismiss the substituted defendant's counterclaim. The administrator has appealed from the rulings made and judgment entered.

On August 14, 1947 the original defendant, Louis Stinson, came to the home of the appellee where negotiations were had concerning a proposed loan. A check was then made out in the amount of $700 signed by appellee made payable to the original defendant and received by him. On the check the notation "loan to Louis Stinson" was placed. The appellant in his answer does not specifically deny the indebtedness but alleges that he

does not have sufficient information as to the truth of appellee's pleaded allegation and demands strict proof. In connection with the appellant's counterclaim he alleges that the appellee's statements upon which are based his proceeding in attachment were false and maliciously made and that said attachment was wrongfully, unlawfully and maliciously sued out with intent to injure and harm the original defendant and was without probable cause. The appellant therefore asked for judgment against the appellee on the attachment bond and for costs including an attorney fee. Thereafter other pleadings and motions were filed and subsequently the cause came on for trial with the resulting action and judgment as heretofore set forth.

It is shown by the testimony of the appellee and his wife that on the date of the issuance of the check upon which suit is brought the original defendant stated that he would repay the loan within ten days. The appellee's wife testified that she wrote the check, made the notation on it, and then gave it to her husband for signature. The record shows that members of the original defendant's family had stated that the truck subsequently attached would have to be sold.

In connection with the appellant's defense he called certain witnesses who testified as handwriting experts. There was testimony that the signature on the appellee's check sued on was not the same as the signature of the appellee signed on the attachment bond and also that the signature on the check was in the same handwriting as the rest of it. The trial court on the motion of appellee's counsel, struck from the evidence the testimony of the handwriting experts. It was claimed by appellee that the evidence was not controverted as to the existence of the loan, the amount due and that the handwriting evidence had nothing to do with the issues.

At the conclusion of all the testimony on appellee's motion the court directed a verdict for the appellee on the ground that the appellant had introduced no evidence that controverted the loan or the amount due. The trial court also sustained appellee's motion to dismiss appellant's counterclaim on the grounds that there was no evidence of damage to the original defendant or his administrator as the result of the attachment, that there was no evidence that appellee did not have reasonable ground for

attachment, that it was wrongful in any way, and that there was no showing that the attachment by the appellee caused the truck to be repossessed. In connection with our consideration of this motion it should be stated that witnesses for the appellant testified that at or about the time of the attachment there was an installment due on a mortgage given to a finance company on the truck which was subsequently paid, that thereafter a subsequent installment due to the finance company was not paid and that one of the sons of the original defendant then voluntarily turned the truck over to the company holding the mortgage on it. It is also shown that at the time of the attachment of the truck the deputy sheriff left it with a son of the original defendant as custodian and no one was deprived of its use.

I. It is appellant's claim that it was for the jury to determine whether the original defendant was indebted to the appellee in the amount sued on. In the instant case there is uncontroverted evidence of the loan made in the amount of $700. It is true that the petition of appellee only asked for a judgment of $475, alleging that payments had been made to reduce the indebtedness. This claim is supported by testimony of the appellee and his wife. The appellant did not in any degree deny the indebtedness claimed but merely asserted in his pleading that appellee be put to strict proof. It appears to us that in the light of the evidence presented, the court properly sustained appellee's motion for a directed verdict on his claim of the original defendant's indebtedness.

Where there are nondisputed issues they should not be submitted to a jury for determination but become questions of law under the facts for the determination of the court. Northwest Securities Co. v. Schneckloth, 199 Iowa 545, 547, 202 N.W. 97. To a like effect we stated in First National Bank v. Brown, 197 Iowa 1376, 1378, 199 N.W. 272, 273, as follows:

"To sustain the proposition advanced by the appellant in the instant case, we would be compelled to say that the defendant has an inherent right to have a jury pass upon his claim, or that the credibility of an uncontradicted and unimpeached witness in all cases presents a jury question. We cannot make such a pronouncement."

504

■ II. The appellant contends as a further basis for a reversal that the trial court committed error in striking from the record the testimony of the handwriting experts. We do not see how this testimony was in any way material and could be the basis of impeachment of the appellee's witnesses. It is also our holding that this claimed impeachment could not in any way have any bearing on the credibility of the appellee and his wife as witnesses. The record without contradiction shows that the check in question was drawn on the account of the appellee, that it was charged against his bank account, and it is further shown that the amount of the check was credited as a deposit to the account of the original defendant. The testimony which the court struck pertained to matters of a collateral nature and had no bearing on the principal issue involved, that being, the claimed indebtedness of the original defendant to the appellee.

In the case of Eikenberry & Co. v. Edwards, 67 Iowa 14, 17, 18, 24 N.W. 570, 571, in commenting upon a somewhat similar situation this court said: "It was not relevant to the issue, or to any fact which was relevant. And the rule is well settled that a witness cannot be discredited by contradicting his statements as to irrelevant matters. [Citing cases.]"

In the case of Quillen v. Lessenger, 190 Iowa 939, 943, 181 N.W. 8, this court held that the impeachment of a witness cannot be predicated on immaterial matters. Other holdings of this court to the same effect are Clark v. Reiniger, 66 Iowa 507, 513, 24 N.W. 16; Swanson v. French, 92 Iowa 695, 699, 61 N.W. 407; Botkin v. Cassady, 106 Iowa 334, 337, 76 N.W. 722.

■ III. There is no basis for the claim of the appellant that the trial court committed error in dismissing appellant's counterclaim for claimed wrongful attachment and because the court directed a verdict on that issue. The evidence definitely shows that the truck in question was left with a son of the original defendant as custodian. It is also shown that at the time of the attachment the defendant was seriously ill and he had no opportunity to make use of the truck in any way. There is evidence that the truck had been used by this defendant in his business of purchasing and selling livestock. There is no testimony of any loss which was incurred by the original defendant or his estate by reason of the attachment. It is also very definitely shown that

a son of the original defendant turned the truck over to the finance company holding a mortgage on it and did so because of a desire to avoid any additional expense in a foreclosure proceeding.

It has been the prior holding of this court that where there has been no showing of damages the trial court could and should properly withdraw that issue where it has been presented on a counterclaim. Britson v. Tjernagel, 90 Iowa 356, 358, 57 N.W. 872. In the case of New Sharon Creamery Co. v. Knowlton, 132 Iowa 672, 674, 108 N.W. 770, this court announced what is apparently the general rule as to the matters here commented on. We there stated:

"If the writ was wrongfully sued out, and had been levied under circumstances which would have entitled appellee to the discharge of the levy in whole or in part upon motion, and he had pursued that remedy, it is very likely that for time lost and expense incurred in thus relieving the property from the writ he could recover by counterclaim upon the bond. But we have no such case here. So far as appears, appellee has done no more than to assert the wrongfulness of the writ as a basis of the counterclaim upon the bond, without showing any actual damage, except the loss and expense pertaining to the pleading and trial of such counterclaim. We feel quite confident that no authority can be found to sustain a recovery under such circumstances."

It is true that in this last cited case the property attached was real estate but the rule would be just as applicable under like facts where personal property was in question.

We find no basis for reversal in this appeal and therefore affirm.—Affirmed.

All JUSTICES concur.