**Edward G. MACHMER, as Administrator of the Estate of Steven E. Machmer, and Edward G. Machmer, Individually, and Muriel Machmer, Appellants,**

**v.**

**H. C. FUQUA, Appellee.**

**No. 2–56910.**

Supreme Court of Iowa.

July 31, 1975.

Holleran, Shaw, Murphy & Stoutner, Clinton, for appellants.

McCracken, Carlin & Darbyshire, Davenport, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

This wrongful death action arises out of an intersectional collision in Camanche, Iowa, on March 12, 1972. For convenience the administrator-father will be referred to as sole plaintiff. Plaintiff's decedent, his 19-year-old son, was a passenger in a car driven by Robert Duncan in a westerly direction on Third street. Defendant Fuqua, driving his auto southerly on highway 67, left-turned from that highway and collided with the Duncan car in Duncan's Third street lane of traffic, causing the death of plaintiff's decedent.

Plaintiff's petition alleged five specifications of negligence. We are concerned only with the allegation that defendant executed a left turn in violation of § 321.311, The Code. Defendant's answer denied these allegations and in turn asserted various affirmative defenses based on contributory negligence. A later amendment alleged Duncan's negligence was the sole proximate cause of the collision.

These parties agree, and trial court found in its post-verdict rulings, that defendant testified his left turn was not in conformance with the statute. All similarly agree that during closing argument defense counsel stated it was evident defendant did not fully comply with § 321.311, The Code.

After arguments and before the instructions were read to the jury, plaintiff requested trial court to:

" * * * change the appropriate instructions to reflect the admission of defendant's counsel in closing argument that the defendant did, in fact, violate the left turn statute, being Iowa Code Section 321.311."

Although trial court and defense counsel both agreed the statement was made, the request was denied. Trial court also denied plaintiff's request for a special interrogatory to the jury which would have required it to find whether defendant violated the statute.

The jury returned a defendant's verdict. Plaintiff's motion for new trial was denied. Plaintiff appeals and we reverse.

I. Plaintiff contends trial court, upon the evidence and counsel's admission, should have instructed the jury defendant was guilty of negligence as a matter of law.

No question relating to the sufficiency of the objection to alert trial court to the state of the record has been raised below or here.

Neither are we concerned with the issue whether the argument admission was binding. Compare *State v. Shepard,* 247 Iowa 258, 266–267, 73 N.W.2d 69, 74 (1955) overruled on other grounds in *State v. Jensen,* 189 N.W.2d 919, 923 (Iowa 1971) with *Dugan v. Midwest Cap Co.,* 213 Iowa 751, 755, 239 N.W. 697, 699–700 (1931) and *Chown v. Lennox Furnace Co.,* 166 Iowa 1, 7, 147 N.W. 144, 147 (1914). Here defendant does not challenge the binding effect of the admission. Defendant's brief (p. 6) affirmatively states, "Counsel for defendant-appellee does not deny the allegation of negligence set forth in appellants-plaintiffs' statement of the case."

Substantially, plaintiff's complaint has merit. Absent legal excuse, a violation of § 321.311, The Code, constitutes negligence per se or as a matter of law. *Wilson v. Long,* 221 Iowa 668, 671, 266 N.W. 482, 484 (1936) (comparable predecessor statute); see generally *Dickman v. Truck Transport, Inc.,* 224 N.W.2d 459, 463 (Iowa 1974); *Hedges v. Conder,* 166 N.W.2d 844, 850 (Iowa 1969); *Kisling v. Thierman,* 214 Iowa 911, 915–916, 243 N.W. 552, 554 (1932).

■ Legal excuse was not an element in this case. Trial court, ruling on post-trial motions, observed the only defense was grounded on the theory Duncan's negligence was the sole proximate cause. While legal excuse need not be pled in order to be instructed on, *Dickman v. Truck Transport, Inc., supra* at 466; *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 643 (Iowa 1969), it should be raised at some point in the trial. In his brief defendant agrees with trial court's assessment:

"[T]he case was tried on the theory that the negligence of the driver of the vehicle in which plaintiffs' decedent was a passenger was the sole and only proximate cause of the death of Steven Machmer."
—Appellee's brief, p. 7.

■ We find only two defensive points raised in defendant's brief. He first argues any matter arising out of the argument is not preserved for review as the arguments were not reported and no bill of exceptions was filed. But opposing counsel immediately after arguments agreed on the statements made, and still agree. Trial court's findings, appearing on two different occasions in the record, are in complete harmony with the uncontested record as to the admission and the evidence. In such unique circumstances, we hold nothing further is required. See *Hein v. Waterloo C. F. & N. Ry. Co.,* 180 Iowa 1225, 1231, 162 N.W. 772, 774 (1917); *Spaulding v. Laybourn,* 164 Iowa 277, 283, 145 N.W. 521, 523 (1914); II Vestal & Willson, Iowa Practice § 34.12, p. 36 (1974).

■ In his remaining proposition relied on for affirmance, defendant argues it was unnecessary to instruct the jury that defendant was negligent as a matter of law because the instruction given presented the substance of the turn statute, stated a violation would be negligence, and defendant admitted he had not complied with the statute, which admission was reiterated by his counsel in argument. Therefore, defendant reasons (as did trial court on the motion for new trial), the jury must have found defendant guilty of negligence but held for him because his negligence was not a proximate cause of the collision.

We cannot agree with this rationale. The unique state of the record following arguments required trial court to inform the jury defendant was negligent as a matter of law. See *Hedges v. Conder, supra; Hildenbrand v. Stinson,* 241 Iowa 500, 503, 41 N.W.2d 698, 700 (1950). The jury was impermissibly permitted to speculate about the issue. We cannot presume there was no prejudice. Failure to properly instruct in this regard is reversible error.

II. Our above holding makes it unnecessary to consider plaintiff's assertion that trial court erred in failing to submit the special interrogatory to the jury. See rule 206, Rules of Civil Procedure. We observe, however, submission of the interrogatory might have avoided a retrial if the jury's answer confirmed a violation of the turn statute by defendant. Such a finding would have signaled the jury verdict was based on proximate cause, a matter which is now entirely speculative.

■ III. Lastly, plaintiff asserts trial court erroneously overruled his combined motions for judgment notwithstanding the verdict and for new trial. There is no error in overruling a motion n. o. v. where, as here, no motion for directed verdict is made. Rule 243(b), R.C.P.; see *Dutcher v. Lewis,* 221 N.W.2d 755, 759–761 (1974). In any event, a favorable ruling would have been erroneous as plaintiff even now does not claim proximate cause could have been decided as a matter of law.

Plaintiff's new trial motion was based, *inter alia,* on the instructional error discussed in division I. Our holding there controls our resolution of this issue. Trial court should have granted the motion for new trial.

We reverse and remand for new trial.

Reversed and remanded.