# IN THE COURT OF APPEALS OF IOWA

No. 13-0429
Filed March 12, 2014

**PROTECTIVE INSURANCE COMPANY, as
Subrogee of FEDEX GROUND PACKAGE SYSTEM,**
        Plaintiff-Appellee,

**vs.**

**DANIEL GRIFFIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, John M. Wright,

Judge.


        Daniel Griffin appeals from the grant of summary judgment in favor of

Protective Insurance Company.  **AFFIRMED.**


        Eric D. Tindal of Nidey Erdahl Tindal & Fisher, PLC, Williamsburg, for

appellant.

        Shannon D. Adams and Brooke Trent of Nelson Law Firm, PLLC,

Waterloo, for appellee.


        Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

In an action by insurer Protective Insurance Company (Protective) against Daniel Griffin to recover property damages resulting from a motor vehicle collision, Griffin appeals from the grant of summary judgment in favor of Protective. Griffin asserts the district court erred in granting the motion because (1) there is insufficient evidence to establish he was negligent, and (2) there is insufficient evidence "that no comparative fault existed." We affirm.

On March 5, 2011, Griffin was travelling southbound on county road W66 coming out of Cotter, Iowa. Upon entering state Highway 92, Griffin's truck was broadsided by a westbound semi-truck owned by FedEx Ground Package System (FedEx).[1]

Pursuant to a policy of insurance Protective issued to FedEx, Protective paid out $48,467.02 in claims for damages to the FedEx semi-truck and trailer. FedEx paid out its deductible portion of the claim in the amount of $500. Protective, as subrogee of FedEx, filed suit seeking damages of $48,967.02 from Griffin, claiming he was negligent in failing to yield the right of way to the FedEx truck upon entering highway 92. Griffin answered, denying he was negligent and raising the affirmative defenses of comparative fault and "Failure to Avoid Injury or otherwise Mitigate Damages."

Protective's first motion for summary judgment was resisted by Griffin. Concluding Protective's supporting materials were insufficient, the district court denied the motion. Protective then sent a set of requests for admissions to

---

[1] The parties' district court pleadings and appellate filings erroneously refer to the semi-truck's owner as "FedEx Group Package System."

Griffin. When he did not respond to the requests within the requisite thirty days set forth in Iowa Rule of Civil Procedure 1.510(2), Protective filed a second motion for summary judgment on October 18, 2012. This motion was supported by the unanswered requests for admissions directed to Griffin and an investigating officer's affidavit.

A December 7th hearing date was set. On November 26, over five weeks after the summary judgment motion was filed, Griffin filed a motion to extend the time for filing a resistance and to continue the hearing. Griffin explained he had contacted an accident reconstruction expert and needed additional time to raise funds to retain the expert. Griffin, citing rule 1.981(6), asserted he should be given the opportunity to present additional affidavits rebutting Protective's expert.

Protective resisted, noting Griffin had failed to comply with the fifteen-day timeframe for filing a resistance under rule 1.981(3). Additionally, it relied upon rule 1.510(2), which provides that the matter contained in requests for admission are "admitted unless, within [thirty] days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection." Because Griffin failed to answer its requests for admission within thirty days, it argued its requests were deemed admitted under that rule and those admissions established there was no genuine issue of material fact in the matter.

Ultimately, the hearing on the motion for summary judgment was held as scheduled. Griffin filed no written response or resistance to the motion for summary judgment. Although the hearing was unreported, the court noted in its later ruling that the motion was resisted.

In granting Protective's motion for summary judgment, the district court concluded:

> In [Protective's] second attempt at summary judgment, the court notes the affidavit by the law enforcement officer contains information he gleaned from his personal investigation of the accident. This information, if offered at trial, would be relevant and admissible evidence that would help the jury in deciding the issue of negligence. . . . Furthermore, [Griffin] failed to answer requests for admissions propounded by [Protective]. [Rule] 1.510(2) deems requests for admissions admitted unless the defendant serves a written answer or objection within thirty days after service. In this case, [Griffin] failed to file a written answer or objection within thirty days of service. Therefore, the court deems the requests for admissions admitted.
>
> Based upon the record of undisputed facts, the affidavit of Officer Jonah Grier, and the answers to requests for admissions, the court concludes [Protective] has provided sufficient evidence to support its motion for summary judgment. The court would note that [Griffin] failed to abide by [rule] 1.981 by failing to file any of the necessary pleadings in response to the motion. [Griffin] cannot rest merely upon his answer to the petition in order to overcome the motion for summary judgment.
>
> Liability is conclusive upon the foregoing findings. Furthermore, request for admission [numbers 6 and 7] set forth the amount of damages paid by [Protective] and the deductible paid by [FedEx] for which [Griffin] should be liable. It is therefore the court's conclusion that [Griffin] should be liable for damages in the amount of $48,967.02.

After the court entered judgment consistent with its ruling, Griffin appealed.

"We review the district court's grant of summary judgment for correction of errors at law." *See Sallee v. Stewart*, 827 N.W.2d 128, 132 (Iowa 2013). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 Iowa 2012). "The burden is on the moving party to demonstrate it is entitled to judgment as a matter of law," and we "view the evidence in the light most favorable to the nonmoving party." *Sallee*, 827 N.W.2d at 133. It is well-settled

that "questions of negligence or proximate cause are ordinarily for the jury," and "only in exceptional cases should they be decided as a matter of law." *Clinkscales v. Nelson Secs., Inc.*, 697 N.W.2d 836, 841 (Iowa 2005); *see also Virden v. Betts & Beer Constr. Co., Inc.*, 656 N.W.2d 805, 807 (Iowa 2003) (noting summary judgment is usually inappropriate in negligence cases).

Griffin never did respond to the requests for admissions and does not challenge the court's ruling deeming the requests as admitted. Rather, Griffin claims the admitted requests for admissions and the officer's affidavit are "a far distance from proving that [Griffin] was negligent" and that "[v]irtually none of the requests for admissions go to the elements of negligence." Deeming the requests admitted, we disagree.

Protective's request for admission number 3 states: "[Griffin] failed to yield the right of way upon entering Highway 92 and subsequently struck [Protective's] insured." Additionally, the affidavit of the investigating officer states: "[Griffin] failed to yield the right of way of [Protective's] insured upon entering Highway 92 and subsequently struck [Protective's] insured." The record conclusively establishes Griffin failed to yield the right of way to the FedEx truck upon entering Highway 92 from a county road. Failure to yield the right of way is a violation of the statutory rules of the road. *See* Iowa Code §§ 321.319 (two vehicles entering intersection at same time), .321 (entering a through highway), .322 (entering a stop or yield intersection) (2011). "Absent legal excuse, a violation of [a statutory rule of the road] constitutes negligence per se or as a matter of law." *Machmer v. Fuqua*, 231 N.W.2d 606, 607 (Iowa 1975); *see also Bangs v. Keifer*, 174 N.W.2d 372, 374 (Iowa 1970).

Here, Griffin advances no legal excuse. Furthermore, Protective's request for admission number 4 states: "As a result of the negligent and careless operation of the automobile driven by [Griffin], [Protective's] insured sustained damages to his vehicle." Request for admission number 8 states: "[Protective] and their insured were compelled to make all of said expenditures solely by the reason of [Griffin's] negligent operation of said vehicle at said time and place of the accident." Based upon these admissions, we, like the district court, find no genuine issue of material fact that Griffin was negligent.

Additionally, requests for admissions numbers 4 and 8 establish Griffin's negligence proximately caused the damages. Consequently, there is no genuine issue of material fact that Griffin's negligence proximately caused the damages.

Although Griffin does not challenge the amount of damages on appeal, requests for admissions numbers 6 and 7 establish the amount of damages. Consequently, there is no genuine issue of material fact concerning the amount of damages claimed.

In view of the above, the record establishes there is no genuine issue of material fact as to negligence, proximate cause, and damages. Therefore, we find this to be one of those exceptional negligence cases where summary judgment is appropriate.

Next, Griffin alleges "virtually none of [Officer Grier's] statements support the absence of comparative fault" and the admitted requests for admissions and the officer's affidavit are "a far distance from proving . . . that no comparative fault existed in [this] negligence action." Griffin's assertions harken back to Iowa's jurisprudence discarded nearly fifty years ago. Prior to 1965, plaintiffs were

required to prove their freedom from contributory negligence. *See Peterson v. Davis*, 121 N.W.2d 111, 113 (Iowa 1963) (quoting the 1895 case *Gregory v. Woodworth*, 61 N.W. 962, 963 (Iowa 1895): "It is a general a rule, established by a long line of authority, . . . that the burden is on the plaintiff to show his freedom from [contributory] negligence."). In 1965, our legislature abolished this rule. 1965 Iowa Acts ch. 430, § 1, codified at Iowa Code § 619.17 (1966).[2] Protective had no burden to plead and prove freedom from contributory fault. *See* Iowa Code § 619.17; *see also Johnson v. Junkmann*, 395 N.W.2d 862, 868 (Iowa 1986). Griffin's argument that Protective's evidence fails to establish an absence of comparative fault is therefore meritless.

Additionally, Griffin's mere assertion of the affirmative defense of comparative fault in his answer provides him no assistance. In responding to a motion for summary judgment, a party "may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is no genuine issue for trial." Iowa R. Civ. P. 1.981(5); *see also Schulte v. Mauer*, 219 N.W.2d 496, 500 (Iowa 1974) (considering Iowa R. Civ. P. 237, now renumbered 1.981). Griffin advances no facts. "Our rules of summary judgment do not permit the nonmovant [Griffin] to rest on conclusory allegations in the pleadings in the face

---

[2] Iowa Code section 619.17 stated at that time:

> In all actions brought in the courts of this state to recover damages of a defendant in which contributory negligence of the plaintiff . . . was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon the negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage.

of a properly supported motion for summary judgment."  *Castro v. State*, 795 N.W.2d 789, 795 (Iowa 2011).

We find no error in the district court's grant of summary judgment in favor of Protective.  Accordingly, we affirm.

**AFFIRMED.**